HAILYN J. CHEN (State Bar No. 237436)
hailyn.chen@mto.com
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants, THE REGENTS OF
THE UNIVERSITY OF CALIFORNIA, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC.; JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (JAFE), <br><br> Plaintiffs, <br><br> vs. <br><br> REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA AT BERKELEY; BERKELEY SCHOOL OF LAW; MICHAEL DRAKE, in his official capacity as President of the University of California; CAROL T. CHRIST, in her official capacity as Chancellor of the University of California, Berkeley; BEN HERMALIN, in his official capacity as Provost of the University of California, <br><br> Defendants. | Case No. 3:23-cv-06133 <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: February 29, 2024 <br> Time: 10:00 a.m. <br> Ctrm: 11 |

1. **Jurisdiction and Service:**

All Defendants have been served, and the parties agree that the Court has personal jurisdiction and that venue is proper.  The parties disagree over whether the Court has subject matter jurisdiction.  Specifically, Defendants have moved to dismiss on the ground that Plaintiffs lack Article III standing.  Plaintiffs are opposing that motion and will file their opposition explaining their position on or before March 5, 2024.

2. **Facts:**

Plaintiffs allege that, in the fall of 2022, student groups at Berkeley Law began adopting bylaws stating that they "will not invite speakers that have expressed and continued to hold views or host/sponsor/promote events in support of Zionism, the apartheid state of Israel, and the occupation of Palestine," Compl. ¶ 76, and which require their student leaders to "participate in a 'Palestine 101' training held by the Law Students for Justice for Palestine," *id.* ¶ 78.  In response to the bylaws, Dean Erwin Chemerinsky of Berkeley Law and other Berkeley Faculty members issued a statement in support of Jewish law students, and UC Berkeley Chancellor Carol Christ issued a letter to the Berkeley Jewish Community.  *Id.* ¶¶ 6–7.  The University did not discipline any of the student organizations that adopted these bylaws.  The Complaint also alleges that the University's failure to discipline the student organizations that adopted these bylaws led to other incidents alleged to be anti-Semitic following the October 7, 2023 Hamas attacks.  Defendants deny that their response to the allegations in the Complaint was unlawful.

The parties anticipate that the principal factual issues in dispute will include questions related to (1) the University's response to the bylaw adoption and other incidents or acts alleged to be anti-Semitic; (2) Plaintiffs' alleged injury, and in particular whether there are any JAFE members who are willing but unable to speak at student groups' events or JAFE student members who have been injured by the bylaws; (3) intent, such as whether the University's response to the bylaws or other incidents alleged to be anti-Semitic were motivated by discriminatory animus or by First Amendment concerns; and (4) causation.

3. **Legal Issues:**

1 Plaintiffs claim that the University's response to the student groups' adoption of the bylaws violates the Free Exercise Clause, the Equal Protection Clause, 42 U.S.C. 1981, and Title VI of the Civil Rights Act of 1964.

Defendants moved to dismiss on multiple grounds, arguing (1) that Plaintiffs' claims are not redressable and Plaintiffs therefore lack standing to sue because the University cannot discipline student organizations for quintessential First Amendment-protected speech, *see Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 831 (1995); *Koala v. Khosla*, 931 F.3d 887, 900 (9th Cir. 2019); (2) that the University's response to the student organizations' passage of the bylaws—through swiftly denouncing the bylaws, offering support to Jewish members of the community, and revoking academic credit for student journals—was not motivated by anti-Semitism or other impermissible animus as would be required to sustain Plaintiffs' claims on the merits, *see, e.g.*, *Kennedy v. Bremerton Sch. Dist.*, 142 S. Ct. 2407, 2421–22 & n.1 (2022); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977); *Barnes v. Gorman*, 536 U.S. 181, 187 (2002); and (3) that the University's response to the adoption of the bylaws was not "clearly unreasonable" as is required to state a claim of deliberate indifference under Title VI. Further legal issues at the motion to dismiss stage include (1) whether any JAFE student member experienced harassment that is "severe or pervasive" under Title VI; (2) whether any JAFE student member was "denied educational benefits" under Title VI; and (3) whether any JAFE member's religious beliefs have been "substantially burdened" under the Free Exercise clause.

Plaintiffs are opposing that motion and will file their opposition explaining their position on or before March 5, 2024.

**4.      Motions:**

Defendants have filed a motion to dismiss and motion to strike the jury demand under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(f). That motion has been set for hearing for March 28, 2024. Defendants anticipate filing a motion for summary judgment under Federal Rule of Civil Procedure 56 if the case proceeds to that stage. Plaintiffs also anticipate

filing a motion for summary judgment under Federal Rule of Civil Procedure 56 if the case proceeds to that stage. Plaintiffs also reserve the right to file a motion for preliminary injunction.

**5.      Amendment of Pleadings:**

Plaintiffs intend to file an opposition to the motion to dismiss, but reserve the right to amend the pleading within 21 days after service of the motion to dismiss under Fed. R Civ. P 15(b). Defendants have filed a pending motion to dismiss and therefore have not yet filed an answer.

**6.      Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and conferred pursuant to Federal Rule of Civil Procedure 26(f) about taking reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. The parties have circulated litigation holds in order to preserve relevant information. The parties have tentatively agreed to preserve documents dating back two years from the filing of the complaint, i.e. November 28, 2021.

**7.      Disclosures:**

The parties have not yet exchanged initial disclosures. The parties have stipulated to extending the deadline for initial disclosures until after the pleadings are settled.

**8.      Discovery:**

No discovery has been taken yet, and the parties have worked cooperatively to reach agreement on certain key discovery issues, including the following:

- The parties have agreed to defer discovery until after the pleadings are settled.
- The parties plan to enter into a stipulated e-discovery order based on the model order for the Northern District of California.
- The parties will work together to limit the scope of discovery to relevant custodians and a relevant time period.
- The primary areas in which discovery is needed include (1) Berkeley's response to the bylaws and other incidents or acts alleged to be anti-Semitic; (2) Plaintiffs' purported injuries; (3) the cause of Plaintiffs' purported injuries. The parties will work together to come up with a protocol for the search and review of relevant documents and communications.

- The parties plan to put in place a protective order based on the model order for the Northern District of California. Additionally, the parties intend to add a provision to the protective order that states that for records protected by the Family Educational Rights and Privacy Act (FERPA) student names must be redacted and students must be given notice and opportunity to intervene.

The parties anticipate disagreement over whether Plaintiffs must disclose the identities of the JAFE members referenced in their complaint who have allegedly been injured by Defendants' conduct. Relatedly, the parties anticipate disagreement over whether and to what extent Defendants may take discovery from these individuals. The parties will work cooperatively in an effort to resolve these disagreements without court intervention if possible.

**9.    Class Actions:**

This is not a class action.

**10.   Related Cases:**

Plaintiffs take the position that there is one related case. Specifically, the Brandeis Center submitted California Public Records Act requests to the University in December 2022 for documents related to the facts at issue in this lawsuit and has since filed a petition for writ of mandate in Alameda County Superior Court related to those requests, case number 23-CV-031826. The petition seeks an order compelling the University to produce records under the California Public Records Act; it does not seek a ruling on any of the issues relevant to the present case.

**11.   Relief:**

Plaintiffs seek injunctive and declaratory relief only. Specifically, as set forth in the Prayer for Relief, they seek to enjoin (i) Defendants from registering, funding, or granting official recognition to student organizations that exclude Jews; (ii) require Defendants to enforce their Policy on Nondiscrimination and their all-comers policy on an evenhanded basis; and (iii) require Defendants to end the allegedly hostile environment on campus. Prayer for Relief ¶¶ 1–3. Defendants dispute the premises underlying each of these requests for relief but do not dispute that this is what Plaintiffs have requested in the complaint.

**12.   Settlement and ADR:**

The parties have filed ADR Certifications and intend to stipulate to an ADR process. Given the legal issues that are still unresolved, the parties agree that it is premature to proceed to settlement proceedings at this time. If, upon resolution of those issues, it appears that settlement discussions would be productive, Defendants would ask the Court to appoint a Magistrate Judge to conduct a settlement conference. Plaintiffs would be open to a settlement conference with a Magistrate Judge or mediation with a private mediator.

**13. Other References:**

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues:**

The Court's ruling on the motion to dismiss could potentially narrow the issues in the case. Therefore, the parties propose revisiting this issue after the ruling on the motion to dismiss.

**15. Scheduling:**

The parties propose the following schedule:

| DATE | EVENT |
| --- | --- |
| November 13, 2024 | Fact discovery cutoff |
| February 28, 2025 | Expert discovery cutoff |
|  |  |
| March 11, 2025 | Last day to file dispositive motions |
| August 11, 2025 | Trial |

**16. Trial:**

The parties anticipate a trial lasting 1 to 2 court weeks. The parties agree to a trial before the court.

**17. Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs filed a disclosure of interested entities required under Civil Local Rule 3-15 on November 18, 2023.

1      Defendants are not required to file a "Certification of Conflicts and Interested Entities or Persons" under Civil Local Rule 3-15, because they are a governmental party.  The parties do not know of any additional people or entities that must be listed in this statement.

**18.**      **Professional Conduct:**

     The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.**      **Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.**

     The parties do not know of any other matters that require discussion at this time.

DATED: February 22, 2024      MUNGER, TOLLES & OLSON LLP

By:      *s/ Bryan H. Heckenlively*
     BRYAN H. HECKENLIVELY
     Attorneys for Defendants, THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.

DATED: February 22, 2024      TORRIDON LAW PLLC

By:      *s/ John V. Coghlan*
     JOHN V. COGHLAN
     Attorneys for Plaintiffs, THE LOUIS D. BRANDEIS CENTER, INC., et al.

**FILER'S ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I certify that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content and have authorized this filing.

By:    *s/ Bryan H. Heckenlively*
      BRYAN H. HECKENLIVELY
      Attorney for Defendants