1

2

3

4                         UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    THE LOUIS D. BRANDEIS CENTER,          Case No.  23-cv-06133-JD
     INC., et al.,
8
                        Plaintiffs,         **ORDER RE MOTION TO INTERVENE**
9
            v.                              Re: Dkt. No. 75
10
     REGENTS OF THE UNIVERSITY OF
11   CALIFORNIA, et al.,

12                      Defendants.

13          Proposed intervenors' request to intervene as of right under Federal Rule of Civil

14   Procedure 24(a)(2) is denied.  Dkt. No. 75.  Permissive intervention under Rule 24(b) is granted

15   for Malak Afaneh, Zaid Yousef, Muki Barkan, Berkeley Law Student #1, Isaac Tragarz, and UCB

16   Graduate Student #1, subject to the ensuing conditions.

17          Most of the proposed intervenors have no current affiliation with the University of

18   California, Berkeley (UC Berkeley), and so do not qualify for intervention as of right.  *See Cal.*

19   *Dep't of Toxic Substances Ctrl. v. Jim Dobbas, Inc.*, 54 F.4th 1078, 1088 (9th Cir. 2022) ("Rule

20   24(a)(2) requires the outsider to show that (1) it has a significant protectable interest as to the

21   property or transaction that is the subject of the action[.]").  Generalized references to free speech

22   on college campuses and fighting "fascism," *see* Dkt. No. 75 at 4-7, do not suffice.  *See Southern*

23   *Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002).  In addition, because most of the

24   proposed intervenors do not have meaningful ties to UC Berkeley or its challenged actions,

25   intervention is likely to inject extraneous and irrelevant issues that will unduly prolong the

26   litigation and prejudice the original parties.  Consequently, permissive intervention also is denied

27   for those intervenors.  *See* Fed. R. Civ. P. 24(b)(3); *Orange Cnty. v. Air Cal.*, 799 F.2d 535, 539

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district

2   court.").

3       Permissive intervention is granted in the Court's discretion under Rule 24(b) for Malak

4   Afaneh, Zaid Yousef, Muki Barkan, Berkeley Law Student #1, Isaac Tragarz, and UCB Graduate

5   Student #1 (student intervenors).  *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d

6   836, 843 (9th Cir. 2011) (permissive intervention elements).  The proposed answer alleges that

7   these individuals are current UC Berkeley students, who either are members of the student

8   organizations that authored or adopted the challenged bylaw or participated in the on-campus

9   encampment that partially grounds plaintiffs' claims, and are, based on intervenors'

10  representations, likely to continue to engage in similar protests.[1]  *See* Dkt. No. 75-5 at 3-8.

11  Plaintiffs do not dispute these statements.  *See* Dkt. No. 77.  The student intervenors plausibly

12  allege interests that might be affected by the litigation, and may have defenses that UC Berkeley

13  may not raise.  *See* Fed. R. Civ. P. 24(b)(1)(B); *see generally* Dkt. Nos. 75, 78.

14      The students' request to intervene is not untimely, as plaintiffs suggest.  *See* Dkt. No. 77 at

15  14; *League of United Latin Am. Citizens v. Wilson* (*LULAC*), 131 F.3d 1297, 1308 (9th Cir. 1997)

16  (timeliness factors for permissive intervention).  At this early stage, the Court has not

17  "substantively -- and substantially -- engaged the issues in [the] case."  *Kalbers v. U.S. Dep't of*

18  *Just.*, 22 F.4th 816, 826 (9th Cir. 2021) (alteration in original) (quotation omitted).  The

19  intervention request came three months after plaintiffs' amended complaint, which contains the

20  allegations with which the intervenors take issue, and less than two months after defendants'

21  motion to dismiss.  *See, e.g.*, Dkt. Nos. 78 at 6; 62; 68; 75.  Plaintiffs do not provide any authority

22  suggesting that is untimely, *cf. Air Cal.*, 799 F.2d at 537 ("Mere lapse of time alone is not

23  determinative."), and nothing in the record supports their assertions of urgency.  The Court also

24

25  [1] Permissive intervention is denied for the Berkeley Muslim Student Association, as neither
26  intervenors nor plaintiffs allege that the organization has adopted the challenged bylaw or hosted
    or endorsed relevant on-campus protests.  Permissive intervention is also denied for Berkeley Law
27  Jewish Students for Justice in Palestine.  A student intervenor's assertion of being a "member and
    representative" of that organization is too thin a foundation to establish that intervention is being
28  sought by someone authorized to act on behalf of the organization.

United States District Court
Northern District of California

1  finds that plaintiffs' reasons for potential undue delay and unfair prejudice can be managed by

2  conditions and so are not a reason to deny permissive intervention.  *Oakland Bulk & Oversized*

3  *Terminal, LLC v. City of Oakland*, 960 F.3d 603, 619-20 (9th Cir. 2020) (stating that Rule 24(b)

4  grants courts "wide latitude . . . in dictating the terms of permissive intervention").

5        Consequently, permissive intervention is granted for the student intervenors on the ensuing

6  conditions.  They may file a motion or response to a motion seven (7) court days after a party

7  filing.  The student intervenors may raise only new or different relevant arguments and may not

8  repeat, restate, or amplify the arguments made by a party.  The proposed answer raises only

9  affirmative defenses and no new claims.  *See* Dkt. No. 75-5.  Consequently, the student

10  intervenors may address only arguments relating to plaintiffs' claims.  The intervenors' references

11  to harassment or discrimination may be raised in a separate suit, not here.  *Cf. Donnelly v.*

12  *Glickman*, 159 F.3d 405, 409-11 (9th Cir. 1998).  All motion filings by intervenors are limited to

13  ten (10) pages unless the Court has permitted otherwise in response to a timely request for more

14  pages.  Additional pages will be permitted sparingly and only upon a showing of good cause.

15  Intervenors may not propound any discovery requests without the Court's prior approval.

16        If a student intervenor ceases to be a student at UC Berkeley at any time during this case,

17  the intervenor is directed to promptly advise the Court in a declaration.  All intervenors must use

18  their true legal names unless the Court grants otherwise.  If an individual intervenor wishes to

19  proceed pseudonymously, the intervenor is directed to file a motion so requesting by November

20  12, 2024.  A failure to meet this deadline will result in dismissal of the pseudonymous intervenor

21  from the case.

22        The parties and student intervenors are directed to meet and confer on a proposed

23  scheduling order that accounts for the timing of intervenors' motion filings.  They should also

24  jointly propose the number of additional pages for plaintiffs to respond to intervenors' filings.

25  The parties are advised that cross-motions for summary judgment are disfavored because they

26  needlessly multiply the proceedings with little substantive value.  The proposed scheduling order

27  should contemplate one summary judgment motion by plaintiffs, who carry the burden of

28  persuasion, and a response by defendants and/or the student intervenors.  Defendants are not

required to pre-screen their proposed filings with intervenors or otherwise share litigation strategies in advance of a filing.  The proposed scheduling order is due by November 18, 2024.

   **IT IS SO ORDERED.**

Dated:  October 25, 2024

_____
JAMES DONATO
United States District Judge