SHANTA DRIVER, Michigan Bar No. P65007*
RONALD CRUZ, California Bar No. 267038
United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
755 McAllister Street
San Francisco, CA 94102
Ph: (313) 683-0942  Fax: (313) 586-0089
ronald.cruz@ueaa.net
*Attorneys for Student Defendants*
*Appearance pro hac vice*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC., JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (JAFE)<br><br>    Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA AT BERKELEY; BERKELEY LAW SCHOOL; MICHAEL DRAKE, in his official capacity as President of the University of California; CAROL T. CHRIST, in her official capacity as Chancellor of the University of California, Berkeley; BEN HERMALIN, in his official capacity as Provost of the University of California,<br><br>    Defendants,<br><br>  and<br><br>MALAK AFANEH, ZAID YOUSEF, SHMUEL (MUKI) BARKAN, BERKELEY LAW STUDENT #1, ISAAC (IZZY) TRAGARZ<br><br>    Student Intervenor-Defendants. | Case No. 3:23-cv-06133-JD<br><br>**MOTION TO ALLOW CERTAIN STUDENT DEFENDANTS TO PROCEED PSEUDONYMOUSLY**<br><br>Hearing Date: December 19, 2024<br>Time: 10:00 a.m.<br>Place: Courtroom 11<br>Judge: Hon. James Donato |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

MOTION ..................................................................................................................................1

STATEMENT OF RELIEF SOUGHT, POSITIONS OF PARTIES .................................1

MEMORANDUM OF POINTS AND AUTHORITIES .....................................................1

ISSUE TO BE DECIDED ......................................................................................................1

ARGUMENT ...........................................................................................................................1

      I. Legal standard ...........................................................................................2

      II. Reasonable fear of severe harm ...............................................................3

      III. Lack of prejudice to other parties ..........................................................5

      IV. Right of safety outweighs public interest in having these students' names be public ...6

CONCLUSION ........................................................................................................................6

## TABLE OF AUTHORITIES

*Does I thru XXIII v. Advanced Textile Corp.*,
　214 F.3d 1058 (9th Cir. 2000).................................................................................................1,6

*Equal Employment Opportunity Commission v. ABM Industries Inc.*,
　249 F.R.D. 588 (E.D. Cal. 2008) ............................................................................................ 2-3

*Mitchell v. Robert De Mario Jewelry, Inc.*,
　361 U.S. 288 (1960)....................................................................................................................6

## MOTION

(The Court should note that the Student Defendants are awaiting decisions on UC's Motion to Dismiss and on the Student Defendants' motions regarding certain students proceeding pseudonymously and adding intervenors—which may affect the claims and parties—before filing our Answer.)

**PLEASE TAKE NOTICE** that on December 19, 2024, at 10:00 a.m., in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California of the above-entitled Court, Malak Afaneh, Zaid Yousef, Muki Barkan, Berkeley Law Student #1, and Isaac Tragarz ("the Student Defendants") will move and do move this Court to grant leave for Berkeley Law Student #1 and Undergraduate Student #1 to proceed pseudonymously.[1]

## STATEMENT OF RELIEF SOUGHT, POSITIONS OF PARTIES

The Student Defendants seek leave for Berkeley Law Student #1 and UCB Undergraduate Student #1 to proceed under pseudonyms.

On November 10 and 11, 2024, counsel for the Student Defendants reached out to Plaintiffs and the University of California (UC) Defendants and asked for their position on this Motion. The Plaintiffs and UC Defendants have both stated that they take no position on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE TO BE DECIDED

Whether Berkeley Law Student #1 and UCB Undergraduate Student #1 meet the requirements to proceed under a pseudonym, due to her vulnerability to harm if her name is revealed.

## ARGUMENT

Berkeley Law Student #1 and UCB Undergraduate Student #1 are fearful that, if their names are revealed as UC-Berkeley (UCB) student activists supporting Palestinians, then they will, like many of their peers, be doxxed, subjected to harassment, and lose internship opportunities and job opportunities. Nor would revealing their names prejudice any of the other parties.

---

[1] UCB Graduate Student #1, who was granted intervention in the Court's October 25, 2024 order, will not proceed as an intervenor.

Meanwhile, the Plaintiffs have no named individuals. At this stage in the proceedings, no party is requesting that any individual who is proceeding under a pseudonym or is represented by an organization to be publicly named in this case. As far as the Student Defendants are aware, the Court is only requiring the Student Defendants, and none of the students among the Plaintiffs, to shed their anonymity.

These two students should be permitted to proceed without revealing their names given the severe and likely danger of retaliation if she does so, if the Jewish Americans for Fairness (JAFE) students and professors who oppose their speech are allowed to proceed without having to reveal their identities.

### I.   Legal standard

The Ninth Circuit holds: "We join our sister circuits and hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). The following factors should be evaluated to determine the need for anonymity: " (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Id.* (Citations omitted). The Ninth Circuit also held that the trial court must consider the precise prejudice the motion would cause the opposing party at each stage of the proceedings, and whether the proceedings may be structured so as to mitigate that prejudice. *Id.* at 1068-1069. Finally, the Ninth Circuit held that "the court must determine whether the public's interest in the case is best served by requiring the litigants to reveal their identities." *Id.* at 1068.

In *Advanced Textile Corp.*, plaintiff garment workers were allowed to proceed pseudonymously, for danger of retaliation including being fired from their jobs and deportation. In *Equal Employment Opportunity Commission v. ABM Industries Inc.*, 249 F.R.D. 588, 593 (E.D. Cal. 2008), plaintiff female workers were granted the right to proceed pseudonymously on their claim against sexual harassment, for fear that their supervisor would

Those cases involved plaintiffs, who have a higher bar to meet to proceed pseudonymously: "Use of pseudonyms by plaintiffs is uncommon." *Id.* at 592 (emphasis added). Berkeley Law Student #1 and UCB Undergraduate Student #1 seek to become co-defendants next to named individual student defendants.

## II.     Reasonable fear of severe harm

Pro-Palestine students at UCB have been targeted for their pro-Palestine views. Berkeley Law Student #1 and Undergraduate Student #1 have a reasonable fear of severe harm, if either of their names is disclosed.

Already, UCB students have been retaliated against for speaking up for Palestine. The following events have been widely publicized among the UCB student body, in *The Daily Californian,* at rallies and in social media; placing all pro-Palestine UC-Berkeley students fearful of the repercussions if it becomes known that they support Palestinian rights. Declaration of UCB Undergraduate Student #1, ¶2.

Berkeley Law School's dean, Erwin Chemerinsky, endorsed the public decision by many law firms not to hire graduates of the Law School who support Palestine. In response to a top law firm rescinding its offer to a law student who supported Palestine and other law firms supporting that decision, on October 12, 2023 Chemerinsky said: "I—and others—have the right to condemn those views. And employers have the right to decide that they don't want to employ individuals who express those views." 3rd Declaration of Shmuel (Muki) Barkan, ¶5.[2] On October 15, 2023, Berkeley Law Professor Steven Davidoff Solomon published an op-ed in the *Wall Street Journal* titled "Don't Hire My Anti-Semitic Law Students." *Id.,* ¶6.[3]

---

[2] "Firm Nixing Job Offer Shows 'Right to Condemn' Israel Views" published by UC-Berkeley's Helen Diller Institute, available at: https://helendillerinstitute.berkeley.edu/news/firm-nixing-job-offer-shows-right-condemn-israel-views (originally published Oct. 12, 2023 by Bloomberg Law, available at https://news.bloomberglaw.com/business-and-practice/law-firm-nixing-job-offer-shows-right-to-condemn-israel-views )

[3] "Don't Hire My Anti-Semitic Law Students," *Wall Street Journal* (Oct. 16, 2023). Available at: https://www.wsj.com/articles/dont-hire-my-anti-semitic-law-students-protests-colleges-universities-jews-palestine-6ad86ad5

At least one pro-Palestine individual who graduated in the Class of 2024 had their job offers rescinded by law firms, after they were profiled by The Canary Mission, an organization that "doxxes" and reports pro-Palestine students, staff, and faculty in the U.S. to potential employers, for their support for Palestine. *Id.,* ¶7.

Starting in October 2022 when Law Students for Justice in Palestine (LSJP) adopted a pro-Palestine bylaw, the far-right group "Accuracy In Media" started driving a mobile LED billboard truck around UC-Berkeley and parking it in front of Berkeley Law School. Among other things, it emblazoned the words "Berkeley Law's Antisemitic Class of 2023" with names of individual students in bright red letters, also stating what organization they were part of that adopted the pro-Palestine bylaw. *Id.,* ¶8. "Accuracy in Media" even targeted the family of one student in another state, Texas. Its truck displayed that student's name, parked in front of her family's home, and drove their neighborhood. *Id.,* ¶9.

Pro-Palestine students have been "doxxed." The Canary Mission has published extensive profiles of Pro-Palestine students and professors at Berkeley Law who it claims are "antisemitic" due to their support for Palestine. These include Student Defendant Malak Afaneh and one of the original prospective intervenors Matthew Fernandes. These profiles include their personal information that people can use to personally harass them. The Canary Mission sends the names of listed students to prospective employers. *Id.,* ¶10.

The extensive research done by Canary Mission, quoting every statement for Palestine that people make, makes all pro-Palestine students at UC-Berkeley wary about what they say and having their name attached, for fear that they will be the next target of this organization. *Id.,* ¶11.

"Accuracy In Media" and Canary Mission direct and enable bad actors to carry out harassment and intimidation against individual activists. Canary Mission posted a picture of Student Defendant Malak Afaneh with her email address on its Twitter account. She received numerous death threats and Islamophobic, xenophobic, and sexist harassment. Canary Mission bought three billboards close to her Berkeley home that said, "You don't need to go to law school to know anti-Zionism is antisemitism." The right-wing organization JewBelong parked a truck with similar messages in front of her home. Declaration of Malak Afaneh, ¶¶3-8; EXHIBITS A

(photograph of billboard with the same message as the billboards near Afaneh's home) and EXHIBIT B (photograph of truck).

At Berkeley Law, professors have spoken out against pro-Palestine speech and threatened to decertify student organizations who adopt a pro-Palestine bylaw, successfully making at least one organization not to adopt one. Law School Dean Chemerinsky threatened to report pro-Palestine students to the State Bar and charge them with violating the University's Code of Conduct for engaging in peaceful pro-Palestine speech activities. These acts make students fearful of losing academic, internship, clerkship, and job opportunities if it becomes known they are activists for Palestine. Barkan Decl., ¶13, 14.

At UC-Berkeley, pro-Palestine students already are subjected to intimidation from counter-protesters yelling in their faces claiming they support rape, or taking video of them. This combined, by the efforts of well-funded organizations, makes UC-Berkeley students fearful that they will be put on social media and become a target of harassment and attack. Barkan Decl., ¶12.

Further, the reelection of Donald Trump on November 5, 2024 increases the concerns of UC-Berkeley students of an erosion of their civil liberties and due process rights and the encouragement this brings to far-right organizations.

### III. Lack of prejudice to other parties

There is a lack of prejudice to the other parties, if this Motion is granted. The other parties state that they take no position on this Motion. The plaintiffs have no named individuals, whereas the Student Defendants already present several named individuals.

The other parties will have no issue investigating and responding to our case. The Student Defendants plan to present expert and lay witnesses showing that opposition to the current Israeli government's policy is not antisemitic and that the pro-Palestine bylaws, encampment, and other speech activities at UC-Berkeley have not been antisemitic. The other parties are free to depose and cross-examine those witnesses. And the Student Defendants *do* present several named intervenors. Further, the Court can issue protective orders to allow the other parties an opportunity to conduct meaningful discovery."

MOTION TO ALLOW CERTAIN STUDENT DEFENDANTS TO PROCEED
PSEUDONYMOUSLY   (Case No. 3:23-cv-06133-JD)                                        5

**IV.    Right of safety outweighs public interest in having these students' names be public**

Berkeley Law Student #1's and UCB Undergraduate Student #1's reasonable fear of harm if their names are disclosed far outweighs the public interest of having their names be public. The public interest is already able to readily follow the progress of this case, and there already are named student defendant-intervenors.

The Ninth Circuit's reasoning in *Advanced Textile Corp.* applies fully here. The Ninth Circuit described the case as having "widespread implications . . . of interest to the public at large," *and* it allowed the plaintiffs to proceed under pseudonyms: "The district court did not explain, and we fail to see, how disguising plaintiffs' identities will obstruct public scrutiny of the important issues in this case." *Id.,* 214 F.3d at 1072. Nor does granting pseudonymity threaten the public's "interest in seeing this case decided on the merits." The main controversies in this case do not require the disclosure of any individual's name.

Any imagined public interest in disclosing pseudonymous Student Defendants' names is outweighed by the danger of harm if their names become public. Economic retaliation alone—and this case involves more than economic retaliation—is sufficient to outweigh the public interest: "[A]s the Supreme Court has recognized, fear of employer reprisals will frequently chill employees' willingness to challenge employers' violations of their rights. *See Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 292 (1960) ('[I]t needs no argument to show that fear of economic retaliation might often operate to induce aggrieved employees quietly to accept substandard conditions.')." *Advanced Textile Corp.*, 214 F.3d at 1073 (citation omitted))

### CONCLUSION

For the reasons stated above, the Court should leave to these two students to proceed pseudonymously.

By the Student Defendants' Attorneys,
UNITED FOR EQUALITY AND AFFIRMATIVE
ACTION LEGAL DEFENSE FUND (UEAALDF)

BY: /s/ Shanta Driver
Date: November 12, 2024