SHANTA DRIVER, Michigan Bar No. P65007*
RONALD CRUZ, California Bar No. 267038
United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
755 McAllister Street
San Francisco, CA 94102
Ph: (313) 683-0942  Fax: (313) 586-0089
ronald.cruz@ueaa.net
*Attorneys for Student Defendants*
*Appearance pro hac vice

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC., JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (JAFE) | Case No. 3:23-cv-06133-JD |
| Plaintiffs, | **MOTION FOR ADMITTING ADDITIONAL INTERVENORS** |
| vs. | Hearing Date: December 19, 2024 |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA AT BERKELEY; BERKELEY LAW SCHOOL; MICHAEL DRAKE, in his official capacity as President of the University of California; CAROL T. CHRIST, in her official capacity as Chancellor of the University of California, Berkeley; BEN HERMALIN, in his official capacity as Provost of the University of California, | Time: 10:00 a.m.<br>Place: Courtroom 11<br>Judge: Hon. James Donato |
| Defendants, | |
| and | |
| MALAK AFANEH, ZAID YOUSEF, SHMUEL (MUKI) BARKAN, BERKELEY LAW STUDENT #1, ISAAC (IZZY) TRAGARZ | |
| Student Intervenor-Defendants. | |

**TABLE OF CONTENTS**

MOTION..................................................................................................................................1

STATEMENT OF RELIEF SOUGHT, POSITIONS OF PARTIES..................................1

MEMORANDUM OF POINTS AND AUTHORITIES......................................................1

ISSUE TO BE DECIDED......................................................................................................1

INTRODUCTION .................................................................................................................2

THE COURT'S CRITERIA FROM ITS ORDER..............................................................2

ARGUMENT..........................................................................................................................3

    I. Berkeley Law Jews for Palestine (BLJ4P) ...............................................................3

    II. Berkeley Muslim Student Association (MSA)........................................................4

    III. UCB BAMN ...........................................................................................................6

    IV. James Alsip.............................................................................................................7

    V. Dr. Benjamin Lynch................................................................................................8

    VI. UCB Undergraduate Student #1 ...........................................................................9

CONCLUSION......................................................................................................................9

## MOTION

(The Court should note that the Student Defendants are awaiting decisions on UC's Motion to Dismiss and on the Student Defendants' motions regarding certain students proceeding pseudonymously and adding intervenors—which may affect the claims and parties—before filing our Answer.)

**PLEASE TAKE NOTICE** that on December 19, 2024, at 10:00 a.m., in Courtroom 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California of the above-entitled Court, Malak Afaneh, Zaid Yousef, Muki Barkan, Berkeley Law Student #1, and Isaac Tragarz ("the Student Defendants") will move and do move this Court to grant permissive intervention under Rule 24(b) to certain additional individuals and organizations, as described below, based on the criteria set indicated by the Court in its October 25, 2024 order. (Dkt. No. 84)

## STATEMENT OF RELIEF SOUGHT, POSITIONS OF PARTIES

The Student Defendants—together with Berkeley Law Jews for Palestine (BLJ4P), Berkeley Muslim Student Association, the UC-Berkeley chapter of the Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality By Any Means Necessary ("UCB BAMN"), James Alsip, Dr. Benjamin Lynch , and UCB Undergraduate Student #1 (collectively "the Prospective Intervenors")—ask the Court to grant these additional individuals and organizations permissive intervention under Rule 24(b).

On November 11, 2024, counsel for the Student Defendants reached out to Plaintiffs and the University of California (UC) Defendants and asked for their position on this Motion. Plaintiffs stated that they oppose this Motion. The UC Defendants take no position on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUE TO BE DECIDED

Whether additional intervenor organizations and individuals, most of whom were part of the original Motion for Intervention (Dkt. No. 75), meet the Court's criteria for permissive intervention in this case that were indicated for the first time in its Order Re Motion to Intervene (Dkt. No. 84).

# INTRODUCTION

In the Court's Order Re Motion to Intervene (Dkt. No. 84) ("the Order"), it granted permissive intervention to six individual Student Defendants, while denying it to four organizations and the remaining 27 individuals who had submitted the Motion for Intervention (Dkt. No. 75). At this time, the Student Defendants do not challenge the Court's criteria for determining who may become a party in this case.[1] However, the Student Defendants and several Prospective Intervenors move the Court to grant the latter permissive intervention as well, based on the criteria that they were made aware of for the first time in the Court's order.

## THE COURT'S CRITERIA FROM ITS ORDER

The Court set forth the following criteria for who would be granted permissive intervention: "current UC Berkeley students, who either are members of the student organizations that authored or adopted the challenged bylaw or participated in the on-campus encampment that partially grounds plaintiffs' claims, and are, based on intervenors' representations, likely to continue to engage in similar protests." Order, 2.

With regard to student organizations, the Court required that an organization have "adopted the challenged bylaw or hosted or endorsed relevant on-campus protests." Order, 2, fn. 1. Further, a group must establish a "foundation to establish that intervention is being sought by someone authorized to act on behalf of the organization." *Id*. Further, the Court required that intervenors have "meaningful ties to UC-Berkeley." Order, 1.

---

[1] The Court has not ruled on the UC Defendants' motion to dismiss, which included an objecting to standing for the Plaintiffs. The Student Defendants reserve the right to object to the exclusion of Prospective Intervenors based on the criteria the Court sets for standing for the Plaintiffs.

# ARGUMENT

At this time, the Student Defendants and Prospective Intervenors accept the Court's criteria for determining who may become a party. *See* footnote 1 *supra*. Now that they are aware of them, they ask the Court to consider the following Prospective Intervenors for the given reasons.

### I.   Berkeley Law Jews for Palestine (BLJ4P)

The Court denied permissive intervention to BLJ4P in its Order, stating: "A student intervenor's assertion of being a "member and representative" of that organization is too thin a foundation to establish that intervention is being sought by someone authorized to act on behalf of the organization." Order, 2, fn. 1.

The Prospective Intervenors are unaware of any case law requiring that an individual be authorized to represent an organizational party, let alone require more than what Shmuel (Muki) Barkan already provided in their first declaration. And in this case, as far as the Student Defendants are aware, the Brandeis Center and Jewish Americans for Fairness (JAFE) are being allowed to proceed as plaintiff organizations without having to provide named individuals to be their designated representatives. Neither the Student Defendants nor Prospective Intervenors ask that to be required.

Nevertheless, with this motion, BLJ4P provides a sworn declaration signed by ten members of the group affirming that the group voted on November 9, 2024 to authorize Shmuel (Muki) Barkan and Berkeley Law Student #1 to act on behalf of BLJ4P, and establishing that the group is a caucus of Law Students for Justice in Palestine (LSJP) which adopted the pro-Palestine bylaw. Further, it co-sponsored the Spring 2024 pro-Palestine encampment and its members camped out, rallied, volunteered, provided logistical support, and organized others to join the encampment. Additionally, it has published a blog defending the pro-Palestine bylaw freedom of speech and acted in concert with other organizations and individuals comprising LSJP to support Palestinian freedom. *See* Declaration of BLJ4P.

It is also important to allow BLJ4P to be an intervenor organization because, for the vast majority of its members, including Berkeley Law Student #1, the experience of so many law students getting doxxed, retaliated against, harassed, and losing job offers makes them fearful of

being publicly-named intervenors. *See* 3rd Declaration of Shmuel Barkan and Declaration of Malak Afaneh in support of Motion to Allow Certain Student Defendants to Proceed Under a Pseudonym. Allowing BLJ4P to be an intervenor allows Jewish students who defend Palestine in this case on an equal basis as Jewish students who side with the Israeli government's actions. BLJ4P Decl. ¶¶9, 10.[2]

## II. Berkeley Muslim Student Association (MSA)

The Court denied permissive intervention to Berkeley MSA, stating: "[N]either intervenors nor plaintiffs allege that the organization has adopted the challenged bylaw or hosted or endorsed relevant on-campus protests." Order, 2, fn. 1.

The Motion for Intervention included an abridged version of MSA's registered group description as a social and religious organization for Muslim UCB students,[3] in support of MSA's interest of being free from Islamophobia and anti-Arab and anti-Palestinian discrimination. Now that the Court has indicated its specific criteria of whom it will grant permissive intervention, MSA submits that it has additionally hosted and endorsed pro-Palestine protests.

MSA was among the first signatory organizations of the UC-Berkeley Divest Coalition, joining the announcement of its formation in April 2022. Together with those organizations, MSA co-sponsored the Spring 2024 encampment for Palestine.[4]

---

[2] The willingness of Shmuel (Muki) Barkan (they/them) to be named is a case of the exception proving the rule. Barkan does not feel they are under the same danger of retaliation for their participation in this case, because (1) they already have a job lined up post-graduation from an employer who already knows about their pro-Palestine activity, and (2) they are a dual citizen of the United States and Israel which provides some degree of protection, as they do not believe that right-wing organizations want to increase the profile of an Israeli-American Jew who opposes Israel's policies. Barkan Decl. ¶¶15-16.

[3] *See* MSA's group description on the UCB website, available at: https://callink.berkeley.edu/organization/MSA

[4] The UCB Divest Coalition's April 2022 announcement of its formation on Instagram is available at: https://www.instagram.com/p/C5j3JUwv-1e/?utm_source=ig_web_copy_link&igsh=MzRlODBiNWFlZA==
The Coalition's statement with a list of its member organizations is available at:
https://docs.google.com/document/u/2/d/e/2PACX-1vR4TTJDE7XaUkb9FiwcQCSbBmiUkB4lgC95BkAwcsaZlfKtcF1lmxH5S5yeKBZiEhcuUAXmZWPc3ppY/pub

MSA has used its Instagram page, which has more than 4,000 followers, to endorse numerous pro-Palestine protests at UC-Berkeley. MSA raised awareness and organized its members and other students and community members to join and/or support the Spring 2024 occupation.[5] While supporting the walk-out of UC-Berkeley's May 2024 convocation ceremony, it wrote "there will be NO BUSINESS AS USUAL until this university divests fully from Israel, condemns Israel's genocidal actions, follows through with an academic boycott of Israeli institutions upholding apartheid, and ended the suppression of protests on campus fighting for justice and equality for all!"[6]

MSA also joined the Motion for Intervention, expressing much of the same criticism of Israel that the Plaintiffs target in this suit as being "antisemitic." (Dkt. No. 75) On August 19, 2024 Student Defendant Zaid Yousef addressed the media opposing Israel's genocide and defending pro-Palestine speech, identifying himself as Berkeley MSA's president.[7]

If the Court chooses to require MSA to have an authorized representative, Zaid Yousef, as its elected president, can continue to represent Berkeley MSA as its representative in this case. If more verification is required, MSA can and will provide it.

---

The Coalition hosted and endorsed the Spring 2024 UCB encampment for Palestine: "Following a climate strike on the steps of Sproul Hall, roughly 250 students and community members joined a rally organized by the UC Berkeley Divestment Coalition to protest the ongoing violence in Palestine, ending with an announcement <u>declaring Day 1 of a 'Free Palestine Encampment.'</u> The coalition includes several groups on campus — such as Bears for Palestine, the <u>Muslim Student Association</u>, UC Divest, Jewish Voice for Peace and many others — according to Malak Afaneh, the co-president of Law Students for Justice in Palestine." "Hundreds rally for Palestine on Sproul ahead of encampment" (April 22, 2024) (emphasis added) Available at: https://www.dailycal.org/news/campus/student-life/hundreds-rally-for-palestine-on-sproul-ahead-of-encampment/article_0dcdd92c-010a-11ef-9be0-17e874168f19.html

[5] MSA's Instagram "Posts" and "Reels," available at: https://www.instagram.com/calmsa/
[6] See the May 2024 MSA instagram post, available at: https://www.instagram.com/reel/C69llznStkd/?utm_source=ig_web_copy_link&igsh=MzRlODBiNWFlZA==
[7] See the ABC 7 news story (at 1:18 and 1:30): https://abc7news.com/post/uc-president-vows-enforce-protest-rules-like-bans-campus-encampments-identity-concealing-masks/15206305/

### III. UCB BAMN

The Court's order did not specifically address the Coalition to Defend Affirmative Action, Integration and Immigrant Rights and Fight for Equality By Any Means Necessary (BAMN) while denying its intervention. The Student Defendants and Prospective Intervenors understand that the Court's criteria include that a group have "meaningful ties to UC-Berkeley" and that it "host or endorse relevant on-campus protests." (Order, at 1-2) The original Motion for Intervention did not state that it has a chapter at UC-Berkeley.

Now that the Court has indicated its criteria, BAMN hereby clarifies to the Court that it is a registered organization at UC-Berkeley, where it in fact was founded in 1995. *See* Declaration of Dr. Benjamin Lynch, ¶9.

BAMN's UCB chapter ("UCB BAMN") initiated and has spearheaded this legal intervention, as described below. As the group that initiated and is leading this intervention, it should be permitted to intervene.

UCB BAMN has engaged in speech activities, hosted, and sponsored pro-Palestine protests that leave no doubt that it would be affected by the outcome of this lawsuit. It has long called for support for the Palestinian human rights and freedom, especially in the wake of the conflict in Gaza over the past year . *Id.*, ¶11. Since October 7, 2023, UCB BAMN has circulated flyers at UC-Berkeley calling for a free Palestine in defense of pro-Palestinian student speech and academic freedom. *Id.,* ¶12; During the Spring 2024 encampment for Palestine, UCB BAMN members joined the encampment as well as encampment teach-ins and rallies; BAMN mobilized students to defend the UCB and other UC encampments in case of harassment and possible repression. *Id.,* ¶ 13. EXHIBIT A (BAMN flyer "Hands Off Our Encampments!")

From January to July 2024, UCB BAMN organized to defeat UC Regent Jay Sures' proposal to censor pro-Palestine speech on university websites. UCB BAMN gathered more than one thousand signatures of UC-Berkeley students on a petition to stop this proposal (EXHIBIT B), held a protest on UCB's Sproul Plaza in March 2024, and sponsored participation in and public statements at the UC Regents' meetings in March, May, and July 2024. *Id.,* ¶14; EXHIBIT C. BAMN spearheaded a broad-based alliance of graduate student unions, the union representing UC

Berkeley instructors (UC-American Federation of Teachers), and the UC-wide Academic Council representing all ten campuses to oppose Sures' proposal that succeeded in winning significant revisions. *Id.,* ¶15. EXHIBIT D ((UC AFT Local 1474 letter) and EXHIBIT E (UC Academic Council letter).

In Winter-Spring 2023-24, UCB BAMN successfully defended a UCB Electrical Engineering and Computer Sciences instructor who faced disciplinary action for speaking in support of Palestine, whom the Plaintiffs describe in their First Amended Complaint. FAC ¶113. BAMN legally represented that instructor in his investigatory meeting with UCB. Lynch Decl., ¶18.

UCB BAMN initiated and has spearheaded this legal intervention. Starting in May 2024, it recruited UCB students to join the Motion to Intervene in this case to defend pro-Palestine free speech. It held press conferences at UCB's Sproul Plaza on August 19, 2024 and October 28, 2024 supporting this intervention and calling for a free Palestine. *Id.,* ¶16-17*; also see* Declaration of James Alsip, ¶12.

Lastly, UCB BAMN has voted to authorize its group signatories, who include James Alsip and Dr. Benjamin Lynch and UCB Undergraduate Student #1, to represent it if it is allowed to be an intervenor in this case. Further, signatories agree to be "an agent on behalf of the group" and to "voluntarily assume responsibility for the activities and conduct of the organization." Lynch Decl., ¶¶4-5; Alsip Decl,. ¶13-14.

**IV.   James Alsip**

James Alsip is a UC-Berkeley student and a member and group signatory of UCB BAMN who camped out during the Spring 2024 encampment for Palestine, who seeks to join the Student Defendants in this case.

As a group signatory, Alsip is subject to discipline from the UCB administration if UCB BAMN is deemed to have violated the UC-Berkeley Code of Conduct, other UCB rules, or any law.[8]

---

[8] UC-Berkeley website on the responsibilities of signatories: https://lead.berkeley.edu/student-orgs/manage-your-org/

Since October 7, 2024, Mr. Alsip has attended about a dozen protests at UC-Berkeley, including protests by UCB BAMN, opposing Israel's genocide and demanding freedom for the Palestinians. Alsip Decl., ¶¶4-5, 7-9. For 8 days he slept overnight at UCB's pro-Palestine encampment, attended all meetings, attended teach-ins and deescalation trainings, and volunteered with trash clean-up and food distribution. *Id.*, ¶5.

With UCB BAMN, Mr. Alsip has joined press conferences and rallies calling for a free Palestine and supporting the intervenors in this case. *Id.*, ¶¶7-9. He plans to continue to join protests for Palestinian freedom and liberation and for divestment. *Id.*, ¶10.

If the Court requires an authorized representative, UCB BAMN has authorized its signatories to represent it in this case. *Id.*, ¶14; Lynch Decl., ¶4. Further, group signatories "assume[s] responsibility for the activities and conduct of the organization." *See* footnote 8 *supra*.

**V.   Dr. Benjamin Lynch**

Dr. Benjamin Lynch is a UC-Berkeley staff member who is a member of and a group signatory for UCB BAMN. He was part of the original Motion for Intervention, but it stated incorrectly that he was only affiliated with UCLA. Now that the Order indicates the Court's criteria, Dr. Lynch includes a declaration clarifying that he is a Researcher at UC-Berkeley and UCLA. He is a group signatory for UCB BAMN, and "only UC Berkeley students, staff, or faculty may serve as signatories." Lynch Decl., ¶1; EXHIBITS F and G.

Dr. Lynch has been a UCB BAMN group signatory since approximately 2008. Lynch Decl., ¶1. He would be directly affected by a court order that limits UCB BAMN's ability to hold and sponsor events for Palestine on campus. *Id.*, ¶2. Further, like Mr. Alsip, as a signatory Dr. Lynch "assume[s] responsibility for the activities and conduct of the organization," and he would be subject to discipline from the UC-Berkeley administration if UCB BAMN is deemed to have violated the UC-Berkeley Code of Conduct or any other law. *See* footnote 8 *supra*.

With UCB BAMN, Dr. Lynch has put out its statement calling for a free Palestine, organized to defeat UC Regents Jay Sures' proposal to censor pro-Palestine speech, and protested at UC Regents' meetings. *Id.*, ¶12. He participated in the defense of the UCLA encampment from

the UCLA administration and LAPD. *Id.,* ¶13. He spoke at UCB BAMN's press conference at UCB's Sproul Plaza on August 19, 2024 supporting Palestine. *Id.,* ¶17.

Importantly, without Dr. Lynch there would be no UCB staff member who would be represented in this case. Staff members are subject to the University Code of Conduct and are vulnerable to other forms of reprisal including loss of employment, and the plaintiffs seek a judicial declaration that opposition to Israel's policies amounts to "antisemitism."

### VI. UCB Undergraduate Student #1

UCB Undergraduate Student #1[9] is a UC-Berkeley student who was part of the original Motion for Intervention. Now that the Court has indicated its criteria for intervention the Student Intervenors submit the following information in support of the student's request to join the Student Defendants in this case. UCB Undergraduate Student #1 is a member and group signatory for UCB BAMN. Declaration of UCB Undergraduate Student #1, ¶¶ 1,4,10-11. Like Mr. Alsip, as a signatory this student "assume[s] responsibility for the activities and conduct of the organization." *See* footnote 8 *supra*.

UCB Undergraduate Student #1 attended multiple protests for Palestine, including protests by UCB BAMN. This student regularly participated in rallies at the UCB encampment for Palestine in April-May 2024. The student attended encampment teach-ins, and was ready to mobilize to any emergency response protest if the encampment came under attack by the police or anti-Palestine protesters. *Id.*, ¶¶ 5-6. This student plans to continue to sponsor, hold, and join protests with UCB BAMN for Palestinian freedom and liberation. *Id.,* ¶7.

### CONCLUSION

For the reasons stated above, the Court should grant permissive intervention to the Prospective Intervenors.

By the Student Defendants' Attorneys,
UNITED FOR EQUALITY AND AFFIRMATIVE
ACTION LEGAL DEFENSE FUND (UEAALDF)

---

[9] The Student Defendants also submit, concurrently with this Motion, a motion to allow Berkeley Law Student #1 and UCB Undergraduate Student #1 to proceed pseudonymously.

BY: /s/ Shanta Driver
Date: November 12, 2024