ELLIS GEORGE LLP
Eric M. George (State Bar No. 166403)
  egeorge@ellisgeorge.com
David J. Carroll (State Bar No. 291665)
  dcarroll@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100; Facsimile: (310) 275-5697

TORRIDON LAW PLLC
John V. Coghlan (DC Bar No. 1020405), *admitted pro hac vice*
  jcoghlan@torridonlaw.com
Tara Helfman (DC Bar No. 90009379), *admitted pro hac vice*
  thelfman@torridonlaw.com
801 – 17th Street, NW, Suite 1100
Washington, DC 20006
(202) 249-6900; Facsimile: (202) 249-6899

THE LOUIS D. BRANDEIS CENTER FOR
HUMAN RIGHTS UNDER LAW, INC.
Kenneth L. Marcus (DC Bar No. 437391), *admitted pro hac vice*
  klmarcus@brandeiscenter.com
L. Rachel Lerman (State Bar No. 193080)
  rlerman@brandeiscenter.com
1717 Pennsylvania Ave., NW, Suite 1025
Washington, DC 20006
(202) 559-9296

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC.; JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (JAFE),<br><br>Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.,<br><br>Defendants. | Case No. 3:23-cv-06133-JD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO OPEN DISCOVERY**<br><br>The Hon. James Donato<br>Crtrm.: 11<br><br>Trial Date: None Set |

**PLEASE TAKE NOTICE** that Plaintiffs The Louis D. Brandeis Center, Inc. (Brandeis Center) and Jewish Americans for Fairness in Education (JAFE) hereby move for an order opening discovery. This motion is brought as an administrative motion pursuant to Local Rule 7-11, and therefore no hearing date is requested or noticed. Unless otherwise ordered by the Court, any opposition to this motion is due within four days, and the motion shall be deemed submitted without a hearing thereafter. *See* N.D. Cal. L.R. 7-11. This motion is based on the accompanying memorandum of points and authorities, the declaration of John V. Coghlan, and proposed order.

## STATEMENT OF RELIEF SOUGHT

Plaintiffs seek an order immediately opening discovery for all purposes.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

The Parties disagree as to whether discovery should be stayed pending resolution of the pending motion to dismiss. Plaintiffs respectfully request that the Court issue an order opening discovery for all purposes.

It has been over a year since Plaintiffs filed this action. During the parties' February 2024 Rule 26(f) conference, they agreed to "defer discovery until after the pleadings are settled." Joint Case Management Statement at 4, Dkt. No. 51. The Scheduling Order entered by the Court on March 22, 2024 did not stay discovery. Plaintiffs are concerned that they will be unable to meet the brisk discovery deadlines the parties have recently proposed to the Court unless discovery commences immediately. *See* Dkt. No. 89. In addition, Plaintiffs are concerned that Jewish and Israeli members of the Berkeley community continue to face harassment and unlawful treatment. Delaying discovery is no longer feasible or justified. Any efficiency gained in deferring discovery is now firmly outweighed by Plaintiffs' right to obtain a fair, just, and speedy determination of the action. *See* Fed. R. Civ. P. 1.

Defendants have indicated that they disagree and maintain that discovery should remain closed until the pleadings are settled. In the interests of resolving this dispute promptly, Plaintiffs bring this motion to the Court.

## II. RELEVANT BACKGROUND

Plaintiffs originally filed this action in November 2023—over one year ago. Dkt. No. 1. In February 2024, Defendants moved to dismiss the Complaint. Dkt. No. 44. That same month, the parties held a conference pursuant to Federal Rule of Civil Procedure 26(f). Declaration of John V. Coghlan ¶ 2. As stated in their subsequently-filed Joint Case Management Statement, the parties agreed to "defer discovery until after the pleadings are settled." Joint Case Management Statement at 4, Dkt. No. 51. The parties proposed a case schedule that they believed would account for resolution of the pleadings, including a fact discovery cutoff of November 13, 2024. *Id.* at 6.

On February 29, 2024, the Court held a Case Management Conference, during which the Court granted Plaintiffs leave to file a First Amended Complaint. Dkt. No. 53. In March 2024, the Court substantially adopted the parties' proposed schedule, including a fact discovery cutoff of November 15, 2024. Dkt. No. 59. The Scheduling Order entered by the Court did not address whether discovery should be stayed. *Id.*

On May 3, 2024, Plaintiffs filed their First Amended Complaint. Dkt. No. 62. Defendants moved to dismiss the First Amended Complaint. Dkt. No. 68. Realizing that the current case schedule was no longer feasible in light of Defendants' renewed pleading challenge, the parties stipulated—and the Court adopted—an amended schedule that continued case deadlines by approximately 90 days. Dkt. Nos. 63, 66. This included extending the fact discovery cutoff to February 14, 2025. *Id.*

On August 5, 2024, the Court took Defendants' motion to dismiss under submission without a hearing. Dkt. No. 72. That motion remains pending. In August 2024, several parties moved to intervene in this action. Dkt. No. 75. The Court granted the motion as to six of the proposed intervenors, and denied the motion as to the remaining intervenors. Dkt No. 84. In its order, the Court directed the parties to "meet and confer on a proposed scheduling order." *Id.* at 3-4. The parties subsequently filed a proposed scheduling order, in which they agreed to a fact discovery cutoff of June 30, 2025. Dkt. No. 89. The parties also informed the Court of their disagreement over whether discovery should commence now or should continue to await decision

on the motion to dismiss. *Id.* As of the filing of this motion, the Court has not yet entered a revised scheduling order.[1]

## III.  ARGUMENT

Under the Federal Rules of Civil Procedure and this Court's standing orders, discovery has been open since the parties engaged in their Rule 26(f) conference in February 2024. *See* Fed. R. Civ. P. 26(d)(1); Standing Order for Civil Cases Before Judge James Donato at 2, ¶ 8 ("[F]ormal discovery should not be served or initiated by any party until after the parties have conferred as required by FRCP 26(f)."). Although the parties agreed at that time to defer discovery, this Court has not ordered discovery to be stayed in this action. At the same time, "[t]he Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending.'" *Serenium, Inc. v. Zhou*, 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021) (citations omitted). *See also id.* ("'Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. [P]. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.") (citation omitted).

The circumstances of this case have materially changed since the parties agreed to defer discovery pending the motion to dismiss that was pending at that time. As the originally proposed scheduling order made clear, neither party anticipated the pleadings remaining unresolved into December 2024. *See* Joint Case Management Statement at 6 (proposing a November 2024 fact discovery cutoff).

The nature of the complained-of conduct in this action counsels in favor of a speedy resolution. Plaintiffs allege that Defendants' conduct manifests deliberate indifference to an environment on campus that is hostile to Jewish and Israeli students. That hostile environment – and Defendants' failure to address it in a manner consistent with their statutory and Constitutional requirements – is continuing. As the Supreme Court and Ninth Circuit have repeatedly observed, "the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"

---

[1] On November 13, 2024, counsel for the intervenors brought a further motion to add additional intervenors, and for certain intervenors to proceed pseudonymously. Dkt. No. 88. Those motions are currently under submission. Dkt. No. 92.

1  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347,
2  373 (1976)).  A stay of discovery creates the risk of further delay, and each day that the resolution
3  of this lawsuit remains delayed is another day that Jewish students must be subjected to that harm.
4       These concerns now firmly outweigh any benefit from deferring discovery.  While courts
5  retain discretion to stay discovery pending resolution of case-dispositive motions, *Serenium*, 2021
6  WL 7541379, at *1, such a stay is not appropriate unless the court "is convinced" that the entire
7  action would be dismissed without any leave to amend.  *Accord Tradebay, LLC v. eBay, Inc.*, 278
8  F.R.D. 597, 602 (D. Nev. 2011).  In the end, "it is more just to speed the parties along in discovery
9  and other proceedings while a dispositive motion is pending" than it is to continue "delay[ing] or
10 limit[ing] discovery and other proceedings" awaiting the outcome of a motion that will not
11 terminate the case.  *Tradebay*, 278 F.R.D. at 603.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order opening discovery for all purposes.

DATED: December 11, 2024       By:   */s/ David J. Carroll*
                                      David J. Carroll

ELLIS GEORGE LLP
Eric M. George (State Bar No. 166403)
egeorge@ellisgeorge.com
David J. Carroll (State Bar No. 291665)
dcarroll@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
(310) 274-7100; Facsimile: (310) 275-5697

TORRIDON LAW PLLC
John V. Coghlan (DC Bar No. 1020405)
jcoghlan@torridonlaw.com
Tara Helfman (DC Bar No. 90009379)
thelfman@torridonlaw.com
1155 F Street, NW, Suite 750
Washington, DC 20004
(202) 249-6900; Facsimile: (202) 249-6899

THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW, INC.
Kenneth L. Marcus (DC Bar No. 437391)
klmarcus@brandeiscenter.com
L. Rachel Lerman (State Bar No. 193080)
rlerman@brandeiscenter.com
1717 Pennsylvania Ave., NW, Suite 1025
Washington, DC 20006
(202) 559-9296

*Attorneys for Plaintiffs The Louis D. Brandeis Center, Inc. and Jewish Americans for Fairness in Education (JAFE)*