HAILYN J. CHEN (State Bar No. 237436)
hailyn.chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:   (415) 512-4000

*Attorneys for Defendants*

\* Additional counsel listed on following page.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC.; JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (JAFE),<br><br>Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA AT BERKELEY; BERKELEY LAW SCHOOL; MICHAEL DRAKE, in his official capacity as President of the University of California; CAROL T. CHRIST, in her official capacity as Chancellor of the University of California, Berkeley; BEN HERMALIN, in his official capacity as Provost of the University of California,<br><br>Defendants. | Case No. 3:23-cv-06133-JD<br><br>**DEFENDANTS' OPPOSITION TO ADMINISTRATIVE MOTION TO OPEN DISCOVERY**<br><br>Trial Date:   None Set<br>Place:        Courtroom 11<br>Judge:       Hon. James Donato |

CHARLES F. ROBINSON (State Bar No. 113197)
RHONDA GOLDSTEIN (State Bar No. 250387)
KATHARINE ESSICK (State Bar No. 219426)
CAROL LYNN THOMPSON (State Bar No. 148079)
carol.thompson@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607-9800
Telephone:    (510) 987-9800
Facsimile:    (510) 987-9757

HELEN E. WHITE (pro hac application pending)
helen.white@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave NW, Ste. 500E
Washington, District of Columbia 20001-5369
Telephone:    (202) 220-1136
Facsimile:    (202) 220-2300

## I. INTRODUCTION

As Plaintiffs acknowledge, they "agreed to defer discovery until after the pleadings are settled." Declaration of John V. Coghlan, Dkt. No. 93-1, ¶ 2; Joint Case Management Statement, Dkt. No. 51, at 4. There were good reasons for the parties to reach that agreement. Those reasons have not changed, and this Court should deny Plaintiffs' motion to open discovery.

Commencing discovery now would be inefficient and wasteful in light of Defendants' pending motion to dismiss. Defendants have moved to dismiss Plaintiffs' case in its entirety, including on the ground that the Court lacks subject matter jurisdiction over some of Plaintiffs' claims. If the Court grants Defendants' motion to dismiss, there will be no need for discovery. And if the Court grants Defendants' motion as to even some of Plaintiffs' claims, the scope and nature of discovery may narrow substantially. It continues to make no sense to undertake expensive and burdensome discovery before the parties know if discovery is needed at all or, if it is, which topics are the proper subjects of discovery.

Nor is there any new urgency to open discovery. As Plaintiffs acknowledge, the parties jointly filed "a proposed scheduling order, in which they agreed to a fact discovery cutoff of June 30, 2025." Plfs' Admin. Mot. to Open Discovery ("Mot."), Dkt. No. 93, at 3. That agreed-upon timeline continues to give both parties substantial time to complete discovery. Defendants would agree to further extend that deadline if warranted.

For all of these reasons, the Court should deny Plaintiffs' motion.

## II. ARGUMENT

### A. There Are No Changed Circumstances Requiring This Court to Order Discovery Opened.

Plaintiffs state that "[t]he circumstances of this case have materially changed" since the parties agreed to defer discovery, Mot. at 4, but their arguments in support of that premise do not withstand scrutiny.

*First*, Plaintiffs imply that they agreed to stay discovery only until after Defendants' first motion to dismiss was resolved, Mot. at 4, but that is wrong. Plaintiffs "agreed to defer discovery until after the pleadings are settled," Joint Case Management Statement, Dkt. No. 51, at 4, and

they did so in connection with a case management conference where they informed Defendants and the Court that they planned to amend their complaint. *See* Dkt. No. 56. Clearly Plaintiffs understood that their agreement extended beyond the prior motion to dismiss, as they said nothing about opening discovery for more than seven months after amending the complaint.

*Second*, no new urgency has arisen. As Plaintiffs acknowledge, several weeks ago, the parties jointly filed "a proposed scheduling order, in which they agreed to a fact discovery cutoff of June 30, 2025." Mot. at 3. That deadline gives both parties substantial remaining time to complete fact discovery.

*Third*, Plaintiffs claim that a hostile environment on campus "is continuing," *id.* at 4, but they provide no evidentiary support for that claim. Nor do they explain how ordering discovery in this litigation will alter the campus environment.

**B.    Opening Discovery Remains Inefficient and Wasteful In Light of Defendants' Pending Motion to Dismiss.**

Continuing to defer discovery is the right thing to do here because it "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). As explained below, the line of cases Plaintiffs rely on regarding court-ordered (not agreed-upon) discovery stays actually shows why their position is wrong.

"A district court has broad discretion to stay discovery pending the disposition of a dispositive motion." *Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *2 (N.D. Cal. Feb. 9, 2010). Courts may stay discovery "pending the disposition of a dispositive motion" where (1) the pending motion is "potentially dispositive of the entire case" and (2) "the pending dispositive motion can be decided absent discovery." *Id*. A court may grant a stay while "express[ing] no opinion on the merits of the pending motion to dismiss," and need only find that "Defendants' arguments are *potentially* dispositive." *Jacksonville Police Officers & Fire Fighters Health Ins. Tr. v. Gilead Scis., Inc.*, No. 20-CV-06522-JSW, 2022 WL 17418970, at *2 (N.D. Cal. Dec. 5, 2022) (emphasis in original). There can be no dispute that Defendants' motion to dismiss is "potentially dispositive of the entire case" and that the motion "can be decided absent additional discovery." *Id.* at *1.

Courts may grant discovery stays even where a motion would not result in "an outright dismissal of [a] claim," but "it may significantly narrow the scope of discovery." *Id.* at *2. That is true here too. If the Court were to dismiss only some, but not all, of Plaintiffs' five causes of action, the Court's order "may significantly narrow the scope of discovery." *Id.* For example, dismissal of Plaintiffs' claim under the Americans with Disabilities Act, FAC, Dkt. No. 62, ¶¶ 189–93, would render discovery on disability- or access-related subjects wholly unnecessary. And dismissal of Plaintiffs' claims regarding the bylaws adopted by certain student groups at the law school—which Plaintiffs have no standing to pursue, *see* Mot. to Dismiss FAC, Dkt. No. 68, at 7–8—would eliminate the need for discovery regarding the bylaws, including potential third-party discovery of the student groups. Those are just examples.

Waiting to start discovery until after the pleadings are resolved is especially appropriate here because Defendants have challenged the Court's subject matter jurisdiction. *See id.* at 5–8. In such an instance, "a district court should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first." *Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, No. CV 08-4220 PJH, 2009 WL 10692620, at *2 (N.D. Cal. Apr. 20, 2009). That makes sense: because "subject-matter jurisdiction . . . refers to a tribunal's 'power to hear a case,'" *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 81 (2009) (citation omitted), it would be inappropriate to order a defendant to open its files for merits discovery when the Court's authority to hear the case remains unresolved. *See Harris v. Atchley*, No. 22-CV-00529-EMC, 2023 WL 4850176, at *4 (N.D. Cal. July 29, 2023) ("[T]he Court agrees that discovery should be stayed until the question of subject matter jurisdiction is resolved.").

Defendants' motion to dismiss raises several "threshold subject matter jurisdictional question[s]." *Comm. for Immigrant Rts.*, 2009 WL 10692620, at *2. Those include Article III standing to challenge the bylaws, *see* Mot. to Dismiss FAC, Dkt. No. 68, at 7–8, and ripeness, *id.* at 5–6. The Court "should use its discretion to defer discovery of issues unrelated to jurisdiction until it resolves the pending jurisdictional issue first." *Comm. for Immigrant Rts.*, 2009 WL 10692620, at *2.

## III. CONCLUSION

For the reasons stated above, the Court should deny Plaintiffs' motion to open discovery.

DATED: December 16, 2024            MUNGER, TOLLES & OLSON LLP

By: *Bryan H. Heckenlively*
BRYAN H. HECKENLIVELY
Attorneys for Defendants