UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.<br><br>　　　　　Defendants. | Case Number: 3:23-cv-06133-JD<br><br>STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION |

**1. PURPOSE**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

**2. MEET AND CONFER**

The parties are aware of the importance the Court places on the just, speedy, and inexpensive determination of all actions, and commit to reasonable efforts to meet and confer in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI. Further, the parties agree that a producing party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving, reviewing, and producing their own ESI.

**3. LIAISON**

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or

have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons, as needed, to confer about ESI and to help resolve disputes without court intervention.

### 4. SEARCH AND REVIEW

In responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, the parties will make reasonable efforts to meet and confer about their chosen methods for searching their respective collections in order to identify records subject to production in discovery and filter out ESI that is not subject to discovery. The producing party reserves the right to leverage technology in the aid of filtering and identification of relevant ESI.

### 5. PRODUCTION FORMATS

a) The parties agree to produce documents in single page TIFF file format. The parties agree to produce natives of Microsoft Excel files. A TIFF placeholder endorsed with the corresponding Bates number and confidentiality designation (if any) shall be produced for all ESI produced in Native Format.

b) If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

c) *Bates Numbering*. Documents must be produced with Bates numbering. The first portion of the Bates number shall contain a prefix which clearly identifies the producing party. The second portion of the Bates number shall contain eight (8) numeric digits, padded with leading zeroes as needed to preserve its length. Each Bates number will be unique across the entire document production; (ii) contain no special characters; and (iii) be sequential within a given document. If a Bates number or set of Bates numbers is skipped in a production, the producing party will so note in a cover letter, production slipsheets, or production log accompanying the production. Each production will be assigned a unique volume production number.

      d)    *Encryption*. To maximize the security of information in transit, any media on which documents are produced may be encrypted and password-protected. In such cases, the Party shall transmit the encryption key or password to the receiving party under separate cover.

      e)    *De-duplication.* The parties shall use reasonable, good-faith efforts to avoid the production of duplicate ESI following industry-standard practices for MDA5 or SHA-1 hash comparison. Deduplication must be applied at a family level. To the extent that duplicate documents (based on MD5 or SHA-1 hash values) reside within a Party's ESI data set, each party shall endeavor to produce only a single copy of a responsive Document or record. Where any such documents have attachments, hash values must be identical for the document-plus-attachment ("family deduplication"). Loose electronic documents shall not be compared to email attachments for deduplication. The parties shall deduplicate email data across custodians at a family level. For any Custodian determined to have a duplicate document identified through the deduplication process, said custodian value shall be listed in the "ALL CUSTODIANS" metadata field for every document in the family.

      f)    *Metadata.* All ESI will be produced with a delimited, database load file that contains the metadata fields listed in Table 1, attached hereto, to the extent such data exists, as kept in the ordinary course, for a particular document.

      g)    *Attachments.* The Parties agree that if any part of an email or its attachments is responsive, the entire email and attachments will be produced, except any attachments that must be withheld or redacted on the basis of privilege. If a document in a family is fully privileged, but is part of a family that includes at least one other document that is not fully privileged, then the fully privileged document(s) shall be replaced with a slipsheet and produced in a manner that maintains the family relationship. The Parties will meet and confer about whether there is an appropriate basis for withholding a family document for any reason other than attorney-client or work product privilege. The attachments will be produced sequentially after the parent email. Documents referred to by hyperlink are not "attachments" for purposes of this order.

To the extent that emails or other documents produced in this matter include hyperlinks to cloud-based sources (e.g. Google Drive, OneDrive, or Dropbox), the producing party is not required to produce the hyperlinked files as part of the same document family as the document containing the hyperlink. The parties will meet and confer regarding a reasonable process related to documents referred to by hyperlink.

h)   *Redacted documents.* For redacted documents, the producing Party may withhold only the following metadata (Author, To, From, CC, BCC, SMF PARTICIPANTS, Subject, FileName, File Path, and MD5 or SHA-1 Hash). For documents redacted or withheld only on privilege grounds, the parties agree not to withhold the following metadata (Author, To, From, CC, BCC, SMF PARTICIPANTS). For spreadsheets that are produced in native form, all redactions shall be made to the native form of the document, to the extent reasonably possible. If the native document (including its metadata) cannot be adequately redacted, the Parties will meet and confer regarding how such natives shall be produced.

**6. DOCUMENTS PROTECTED FROM DISCOVERY**

a)   Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The provisions of Rule 502(b) do not apply.

b)   If information is produced in discovery that is subject to a claim of privilege (including but not limited to Attorney-Client Privilege) or of protection as trial-preparation material (Attorney Work Product), the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. If a party receives

discovery they know or should know is subject to a claim of privilege (including but not limited to Attorney-Client Privilege) or of protection as trial-preparation material (Attorney Work Product), the receiving party has an affirmative duty to notify the producing party. After notifying the producing party, the receiving party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.

The parties will meet and confer regarding a process for handling inadvertent disclosure of student confidential information.

c) Communications involving counsel of record in this action that post-date the filing of the original complaint in this action need not be placed on a privilege log. For the avoidance of doubt, this Paragraph 6(c) shall only apply to communications between counsel of record, on the one hand, and in-house practicing attorneys, on the other hand. The parties have outstanding disputes over the extent to which other communications with outside counsel must be logged, which they do not purport to resolve here.

**7. MODIFICATION**

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**TABLE 1**

| | |
|---|---|
| BEGBATES | Beginning Bates Number |
| ENDBATES | Ending Bates Number |
| BEGATTACH | Beginning Bates number of the first document in an attachment range |
| ENDATTACH | Ending Bates number of the last document in attachment range |
| VOLUME | The production volume associated with the produced file |
| PAGES | The number of pages of the produced document |

| | |
|---|---|
| ALL CUSTODIANS | Names of all custodians, separated by semicolons, for whom the document was processed whether or not the file was removed upon de-duplication |
| RECORD TYPE | Populated with Email, Attachment, Paper, or Loose File |
| FILENAME | Filename of the original native file |
| FILEEXT | File extension of the original native file |
| FILEPATH | File path to the original native file |
| FILESIZE | KB size of the original native file |
| CREATEDATE | Date that a non-email document was created (mmddyyyy format) |
| CREATETIME | Time that a non-email document was created (hh:mm:ss format) |
| LASTMODDATE | Last date that a non-email document was modified (mmddyyyy format) |
| LASTMODTIME | Last time that a non-email document was modified (hh:mm:ss format) |
| SENTDATE | Sent date of an email message (mmddyyyy format) |
| SENTTIME | Sent time of an email message (hh:mm:ss format) |
| RECEIVEDDATE | Received date of an email message (mmddyyyy format) |
| RECEIVEDTIME | Received time of an email message (hh:mm:ss format) |
| SUBJECT | Subject line extracted from an email message |
| AUTHOR | Author field extracted from the metadata of a non-email document |
| FROM | From field extracted from an email message |
| TO | To or Recipient field extracted from an email message |
| CC | CC or Carbon Copy field extracted from an email message |
| BCC | BCC or Blind Carbon Copy field extracted from an email message |
| FULLTEXT | Relative path to document text/OCR file if provided in production |
| NATIVELINK | Relative path and filename to produced native file. |
| THREADID | Unique identification number that permits threading of email |

| | | |
|---|---|---|
| | | messages |
| | SMF THREAD ID | RSMF Group the file belongs to, used to identify other messages and attachments in a conversation. |
| | SMF BEGIN DATE | Date of first RSMF message (mmddyyyy format) |
| | SMF END DATE | Date of last RSMF message (mmddyyyy format) |
| | SMF MESSAGE COUNT | Count of messages in the thread section. |
| | SMF PARENT DATE | RSMF BEGIN DATE value populated for the family. |
| | SMF PARTICIPANTS | List of message participants, senders, and recipients. |
| | MESSAGE THREAD ID | Group the file belongs to, used to identify other messages and attachments in a conversation. |
| | MESSAGE BEGIN DATE | Date of first message (mmddyyyy format) |
| | MESSAGE END DATE | Date of last message (mmddyyyy format) |
| | MESSAGE COUNT | Count of messages in the thread section |
| | MESSAGE PARENT DATE | MESSAGE BEGIN DATE value populated for the family. |
| | MESSAGE PARTICIPANTS | List of message participants, senders, and recipients. |
| | GOOGLEDOCTYPE | The file type for Google files. Possible values are:<br>☐ DOCUMENT—A document created in Google Docs<br>☐ SPREADSHEET—A spreadsheet created in Google Sheets<br>☐ PRESENTATION—A presentation created in Google Slides<br>☐ FORM—A form created in Google Forms<br>☐ DRAWING—A drawing created in Google Drawings<br>☐ SITES_PAGE—A page from a site created in new Google Sites<br>☐ VID—A video created in Google Vids |
| | GOOGLEDocID | A unique identifier for the file. For sites exports, the value is the page ID. |
| | SOURCEHASH | A unique hash value for each version of a file. Can be used to deduplicate file exports and verify the exported file is an exact copy of the source file.<br>Supported by Google Docs, Sheets, and Slides files only. |

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 23, 2025    /s/ Andrew J. Lichtman
                       Counsel for Plaintiffs

Dated: May 23, 2025    /s/ Bryan H. Heckenlively
                       Counsel for Defendants The Regents of the University of California, et al.

                       /s/ Ronald Cruz

Dated: May 23, 2025    Counsel for Intervenor-Defendants

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: May 30, 2025

UNITED STATES DISTRICT JUDGE

*[Seal: United States District Court, Northern District of California — Judge James Donato]*