# WILLKIE FARR & GALLAGHER LLP

2029 Century Park East, Suite 2900
Los Angeles, CA 90067-2905
Tel: 310 855 3000
Fax: 310 855 3099

**Alex M. Weingarten**
Tel: 310 855 3020
AWeingarten@Willkie.com

July 22, 2025

**VIA EMAIL**

The Honorable District Judge James Donato
United States District Court, Northern District Of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

**Re:**   *The Louis D. Brandeis Center, Inc., et al. v. Regents of the University of California, et al.*,
No. 3:23-cv-06133-JD

Dear Judge Donato:

Plaintiffs The Louis D. Brandeis Center, Inc. and Jewish Americans for Fairness in Education (JAFE) (collectively, "Plaintiffs") served four Requests for Production (Nos. 48-51) on Defendant Regents of the University of California ("Defendant") seeking documents Defendant already produced in connection with government investigations into anti-Semitism on UC Berkeley's ("UCB") campus—the precise issue that is the focus of this litigation. Even though these documents are undisputedly relevant to this case, Defendant has objected to their production, erroneously claiming that they are improper "cloned" discovery. Given the substantial—if not identical—factual and legal overlap between the government investigations and this civil litigation, the Court should order Defendant to re-produce the documents in response to Request for Production Nos. 48-51, or, alternatively, grant Plaintiffs leave to file a motion to compel to fully brief the issue.[1]

**Plaintiffs Request Documents Already Produced By Defendant In Government Investigations**

On March 18, 2025, Plaintiffs served on Defendant a second set of Requests for Production ("Requests") consisting of Request Nos. 48-51. The Requests seek all documents produced by Defendant to investigators in connection with the following investigations into on-campus anti-Semitism: the Federal Task Force to Combat Antisemitism (Request No. 48); the United States Department of Justice's investigation into UCB under Title VII of the Civil Rights Act of 1964 related to anti-Semitism (Request No. 49); the United States Department of Education's investigation under Title VI of the Civil Rights

---

[1] Plaintiffs certify that the parties complied with the meet and confer requirements set forth in Civil Local Rule 37-1 and Paragraph 18 of the Standing Order for Discovery in Civil Cases Before Judge Donato ("Standing Order").

Hon. J. Donato
July 22, 2025
Page 2

Act of 1964 into anti-Semitism at UCB (Request No. 50); and any other "investigation or inquiry by any state or federal government entity, agency, committee, or department regarding anti-Semitism at UCB" (Request No. 51). The requested documents go to the heart of this case. As the Court already held, "the FAC plausibly alleges disparate treatment with discriminatory intent and policy enforcement that is 'not generally applicable,'" and the "FAC also plausibly alleges that Berkeley was deliberately indifferent to the on-campus harassment and hostile environment." ECF No. 107 at 2.

### Defendant Refuses To Re-Produce Documents It Previously Produced To Investigators, And The Parties Meet And Confer But Are Unable To Resolve Their Dispute

On April 17, 2025, Defendant served objections and responses to the Requests (Exhibit 1). Defendant acknowledged the existence of responsive documents, but primarily objected to the Requests on the ground that the Requests are "cloned" discovery requests. *See generally* Ex. 1. Defendant agreed that some documents produced to investigators will be produced in response to other requests but refused to re-produce the existing productions in their entirety to Plaintiffs.

On April 23, May 12, and June 19, 2025, the parties exchanged written correspondence regarding the "cloned" discovery objection dispute. Plaintiffs made clear in their April 23, 2025 correspondence that they would narrow the Requests to: (1) documents produced to investigators; (2) dated on or after August 1, 2022; and (3) related only to UCB (and no other campuses). On June 20, 2025, the parties participated in a Zoom video conference because counsel for the respective parties reside over 50 miles apart (with counsel for Defendant in San Francisco and counsel for Plaintiffs in Los Angeles, New York, and the District of Columbia). The parties were unable to resolve their disputes.

### There Is No Basis For Defendant's Refusal To Produce The Requested Documents

Defendant should be ordered to re-produce all documents produced to investigators to the extent such documents are dated on or after August 1, 2022 and relate to UCB because: (1) the documents are directly relevant to this case; (2) the documents sought may not be produced in response to other requests; (3) the documents sought are relevant because the production of documents to investigators in response to investigations into anti-Semitism would demonstrate not only facts showing a hostile environment towards Jews on UCB's campus but also Defendant's knowledge of that environment; (4) the documents were already reviewed and produced, which eliminates any burden and expedites discovery; and (5) there is no legal basis for Defendant to refuse to produce the documents.

Defendant's "cloned" discovery objection is improper. Courts routinely grant requests for government productions in civil litigation when there is factual and legal overlap between the investigation and civil claims. *See Rumble, Inc. v. Google LLC*, 2023 WL 3751797, at *8 (N.D. Cal. May 31, 2023) (granting cloned discovery requests when there was factual and legal overlap between antitrust investigations and antitrust claims); *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) (granting cloned discovery requests because government investigations had "significant factual and legal overlap" with the false advertising claims); *Munoz v. PHH Corp.*, 2013 WL 684388, at *4 (E.D. Cal. Feb. 22, 2013) ("The CFPB is investigating the same alleged wrongful conduct as is alleged

Hon. J. Donato
July 22, 2025
Page 3

by Plaintiffs. There can be no serious dispute that documents related to the CFPB's investigation of Defendant reinsurance arrangements are relevant to Plaintiffs suit based on identical allegations.").

As in these cases, Plaintiffs are entitled to the requested documents because the investigations are related to the *same* on-campus anti-Semitic environment detailed in the First Amended Complaint. For example, Request No. 50 seeks documents produced to the United States Department of Education in connection with its investigation into anti-Semitism under Title VI of the Civil Rights Act of 1964, including at UCB. *See* Ex. 1 at No. 50. The "U.S. Department of Education . . . announced investigations into five institutions of higher education where widespread antisemitic harassment has been reported. The investigations are in response to the explosion of antisemitism on American campuses following the Hamas massacre of Israeli civilians on Oct. 7, 2023. The Department's Office for Civil Rights (OCR) is opening the investigations under Title VI of the Civil Rights Act (1964), which protects students from discrimination and harassment based on national origin, including shared ancestry. The schools are: . . . The University of California, Berkeley." *U.S. Department of Education Probes Cases of Antisemitism at Five Universities*, Dep't of Educ. (Feb. 3, 2025), https://www.ed.gov/about/news/press-release/us-department-of-education-probes-cases-of-antisemitism-five-universities. And OCR previously closed a similar investigation because of the existence of this lawsuit, resolving any question that there are documents that are relevant to this litigation. Similarly, Request No. 49 seeks documents produced to the United States Department of Justice in connection with its investigation into anti-Semitism under Title VII of the Civil Rights Act of 1964, including at UCB. In announcing this investigation, the Department of Justice stated that the investigation "will assess whether UC has engaged in a pattern or practice of discrimination based on race, religion and national origin against its professors, staff and other employees by allowing an Antisemitic hostile work environment to exist on its campuses." *U.S. Justice Department Launches Investigation of University of California Under Title VII of the Civil Rights Act of 1964*, Dep't of Justice (Mar. 5, 2025), https://www.justice.gov/opa/pr/us-justice-department-launches-investigation-university-california-under-title-vii-civil. Documents produced in these investigations concerning UCB are relevant to this case.

Aside from showing the existence of a hostile environment on campus, the documents are relevant to show Defendant was on notice of the hostile environment towards Jews on UCB's campus *precisely because Defendant produced documents in response to investigations into anti-Semitism. See King Cnty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (granting cloned discovery because fact the defendant produced documents to investigators was relevant).

The cases relied upon by Defendant in its objections are inapposite because there is complete overlap here between the subject of the investigations and the allegations in the First Amended Complaint. *See Tristan v. Bank of Am., N.A.*, 2024 WL 5412486, at *4 (C.D. Cal. June 10, 2024) (finding government investigations unrelated to breach of contract claims were irrelevant); *Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *3 (S.D. Cal. Aug. 14, 2009) (finding cloned discovery requests were proper to the extent requests were limited to investigation of Plaintiff's claims).

Accordingly, Defendant's objections should be overruled and Defendant should be ordered to produce all documents in response to Request Nos. 48-51 (as narrowed) within 30 days.

Hon. J. Donato
July 22, 2025
Page 4

                        Respectfully,

                        */s/ Alex M. Weingarten*
                        Alex M. Weingarten

WILLKIE FARR & GALLAGHER LLP
Alex M. Weingarten (SBN 204410)
  AWeingarten@willkie.com
Lee Wolosky (NY Bar No. 2752335),
*admitted pro hac vice*
  LWolosky@willkie.com
Andrew J. Lichtman (NY Bar No. 4934949),
*admitted pro hac vice*
  ALichtman@willkie.com
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 855-3000; Facsimile: (310) 855-3099

TORRIDON LAW PLLC
John V. Coghlan (DC Bar No. 1020405)
jcoghlan@torridonlaw.com
Tara Helfman (DC Bar No. 90009379)
 thelfman@torridonlaw.com
1155 F Street, NW, Suite 750
Washington, DC 20004
(202) 249-6900; Facsimile: (202) 249-6899

THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW, INC.
Kenneth L. Marcus (DC Bar No. 437391)
klmarcus@brandeiscenter.com
L. Rachel Lerman (State Bar No. 193080)
rlerman@brandeiscenter.com
1717 Pennsylvania Ave., NW, Suite 1025
Washington, DC 20006
(202) 559-9296

*Attorneys for Plaintiffs The Louis D. Brandeis Center, Inc. and*
*Jewish Americans for Fairness in Education (JAFE)*

# EXHIBIT 1

HAILYN J. CHEN (State Bar No. 237436)
hailyn.chen@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue, 50th Floor
Los Angeles, California 90071
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

BRYAN H. HECKENLIVELY (State Bar No. 279140)
bryan.heckenlively@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:   (415) 512-4000

*Attorneys for Defendants*

\* Additional counsel listed on following page.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE LOUIS D. BRANDEIS CENTER, INC.; JEWISH AMERICANS FOR FAIRNESS IN EDUCATION (JAFE),<br><br>            Plaintiffs,<br><br>      vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; UNIVERSITY OF CALIFORNIA AT BERKELEY; BERKELEY LAW SCHOOL; MICHAEL DRAKE, in his official capacity as President of the University of California; RICHARD K. LYONS, in his official capacity as Chancellor of the University of California, Berkeley; BEN HERMALIN, in his official capacity as Provost of the University of California,<br><br>            Defendants. | Case No. 3:23-cv-06133-JD<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF THE LOUIS D. BRANDEIS CENTER, INC.'S REQUESTS FOR PRODUCTION (SET TWO)**<br><br>Trial Date:   September 8, 2026<br>Place:        Courtroom 11<br>Judge:        Hon. James Donato |

CHARLES F. ROBINSON (State Bar No. 113197)
RHONDA GOLDSTEIN (State Bar No. 250387)
KATHARINE ESSICK (State Bar No. 219426)
CAROL LYNN THOMPSON (State Bar No. 148079)
carol.thompson@ucop.edu
UNIVERSITY OF CALIFORNIA
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607-9800
Telephone:     (510) 987-9800
Facsimile:     (510) 987-9757

HELEN E. WHITE (admitted pro hac vice)
helen.white@mto.com
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Ave NW, Ste. 500E
Washington, District of Columbia 20001-5369
Telephone:     (202) 220-1136
Facsimile:     (202) 220-2300

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | PLAINTIFF THE LOUIS D. BRANDEIS CENTER, INC. |
| RESPONDING PARTY: | | DEFENDANT THE REGENTS OF THE UNIVERSITY OF CALIFORNIA |
| SET NO.: | | TWO |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants The Regents of The University of California[1] ("the University" or "Defendant") by and through undersigned counsel respond as follows to the second set of Requests for Production of Documents propounded by Plaintiff The Louis M. Brandeis Center, Inc. ("Brandeis Center" or "Plaintiff").

**PREFATORY STATEMENT**

1. By responding to Plaintiff's Second Set of Requests for Production of Documents (the "Requests"), the University does not waive any privilege or objection that may be applicable to: (a) the use, for any purpose, by Plaintiff of any information or documents sought by Plaintiff or provided in response to a Request for Production; (b) the admissibility, relevance, or materiality of any of the information or documents to any issue in this case; or (c) any demand for further responses involving or relating to the subject matter of any of the Requests.

2. The University's responses are based on information reasonably available to the University as of the date of these responses. The University's investigation is continuing and ongoing. Subject to and without waiving any of its objections set forth herein, the University may supplement any of its responses herein as necessary or appropriate if any additional information becomes available to the University.

**GENERAL OBJECTIONS**

3. Defendant hereby incorporates by reference, as if set forth here in full, the "General Objections" section in Defendant's Response to Requests for Production (Set One) Issued by The Louis M. Brandeis Center, Inc. served on Plaintiffs on March 24, 2025.

---

[1] See Dkt. 107 "Order Re Dismissal" at 5 (dismissing all claims "as to the University of California-Berkeley and Berkeley Law School on the ground that they are not legally distinct entities from the Regents").

**OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS**

4.      Defendant hereby incorporates by reference, as if set forth here in full, the "Objections to Plaintiff's Definitions and Instructions" section in Defendant's Response to Requests for Production (Set One) Issued by The Louis M. Brandeis Center, Inc., served on Plaintiffs on March 24, 2025.

**RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS, ELECTRONIC RECORDS, and COMMUNICATIONS discussing, referring to, or RELATING TO the investigation by the Federal Task Force to Combat Antisemitism into anti-Semitism on college campuses, including but not limited to: (a) any DOCUMENTS produced by YOU to the Task Force and/or its agents, representatives, or staff; (b) any correspondence passing between YOU and the Task Force and/or its agents, representatives, or staff; (c) any internal DOCUMENTS RELATING TO the Task Force and/or its investigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

The University incorporates the General Objections and Objections to Plaintiff's Definitions and Instructions as if fully set forth herein.  Defendant objects to this Request for "cloned" discovery because it is overbroad, duplicative of other requests for production, burdensome, and not proportional to the needs of this case.  *See Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (rejecting "a *carte blanche* production of all documents" from another proceeding where any relevant documents would already be produced in response to other requests for production); *Tristan v. Bank of Am., N.A.*, 2024 WL 5412486, at *3–*4 (C.D. Cal. June 10, 2024) (rejecting "cloned discovery" and instead requiring "proper discovery requests, identifying the specific categories of documents sought").  Defendant further objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work product doctrine, and/or the official information privilege.  Defendant further objects to this Request as overbroad to the extent it seeks documents in the possession of persons or entities other than the University of California, Berkeley ("UC Berkeley").

Subject to and without waiving the foregoing objections, Defendant responds to this Request as follows: the materials relevant to the issues in this litigation will be searched for and produced in response to Plaintiffs' requests on substantive topics, and the parties are currently negotiating search parameters to identify those materials. Defendant therefore need not and will not search for or produce any additional documents in response to this Request for "cloned" discovery.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS, ELECTRONIC RECORDS, and COMMUNICATIONS discussing, referring to, or RELATING TO the United States Department of Justice's investigation into the University of California (UC) under Title VII of the Civil Rights Act of 1964 assessing whether UC has engaged in a pattern or practice of discrimination based on race, religion and national origin against its professors, staff and other employees by allowing an anti-Semitic environment to exist on its campuses, including but not limited to: (a) any DOCUMENTS produced by YOU to the Department of Justice and/or its agents, representatives, or staff; (b) any correspondence passing between YOU and the Department of Justice and/or its agents, representatives, or staff; (c) any internal DOCUMENTS RELATING TO the Department of Justice's investigation and/or activities on UCB's campus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

The University incorporates the General Objections and Objections to Plaintiff's Definitions and Instructions as if fully set forth herein. Defendant objects to this Request for "cloned" discovery because it is overbroad, duplicative of other requests for production, burdensome, and not proportional to the needs of this case. *See Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (rejecting "a *carte blanche* production of all documents" from another proceeding where any relevant documents would already be produced in response to other requests for production); *Tristan v. Bank of Am., N.A.*, 2024 WL 5412486, at *3–*4 (C.D. Cal. June 10, 2024) (rejecting "cloned discovery" and instead requiring "proper discovery requests, identifying the specific categories of documents sought"). Defendant further objects to this Request to the extent it seeks documents or communications protected by the

attorney-client privilege, work product doctrine, and/or the official information privilege. Defendant further objects to this Request to the extent it is required by the Department of Justice to maintain confidentiality in the investigation. Defendant further objects to this Request as overbroad to the extent it seeks documents in the possession of persons or entities other than UC Berkeley.

Subject to and without waiving the foregoing objections, Defendant responds to this Request as follows: the materials relevant to the issues in this litigation will be searched for and produced in response to Plaintiffs' requests on substantive topics, and the parties are currently negotiating search parameters to identify those materials. Defendant therefore need not and will not search for or produce any additional documents in response to this Request for "cloned" discovery.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS, ELECTRONIC RECORDS, and COMMUNICATIONS discussing, referring to, or RELATING TO the United States Department of Education's investigation under Title VI of the Civil Rights Act (1964) into anti-Semitism at UCB, including but not limited to: (a) any DOCUMENTS produced by YOU to the Department of Education and/or its agents, representatives, or staff; (b) any correspondence passing between YOU and the Department of Education and/or its agents, representatives, or staff; (c) any internal DOCUMENTS RELATING TO the Department of Education's investigation and/or activities on UCB's campus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

The University incorporates the General Objections and Objections to Plaintiff's Definitions and Instructions as if fully set forth herein. Defendant objects to this Request for "cloned" discovery because it is overbroad, duplicative of other requests for production, burdensome, and not proportional to the needs of this case. *See Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009) (rejecting "a *carte blanche* production of all documents" from another proceeding where any relevant documents would already be produced in response to other requests for production); *Tristan v. Bank of Am., N.A.*, 2024 WL 5412486, at *3– *4 (C.D. Cal. June 10, 2024) (rejecting "cloned discovery" and instead requiring "proper

discovery requests, identifying the specific categories of documents sought"). Defendant further objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege, work product doctrine, and/or the official information privilege. Defendant further objects to this Request to the extent it seeks information protected from disclosure under FERPA. Defendant further objects to this Request as overbroad to the extent it seeks documents in the possession of persons or entities other than UC Berkeley.

Subject to and without waiving the foregoing objections, Defendant responds to this Request as follows: the materials relevant to the issues in this litigation will be searched for and produced in response to Plaintiffs' requests on substantive topics, and the parties are currently negotiating search parameters to identify those materials. Defendant therefore need not and will not search for or produce any additional documents in response to this Request for "cloned" discovery.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS and ELECTRONIC RECORDS, and COMMUNICATIONS discussing, referring to, or RELATING TO the any investigation or inquiry by any state or federal government entity, agency, committee, or department regarding anti-Semitism at UCB and/or RELEVANT CONDUCT including but not limited to: (a) any DOCUMENTS produced by YOU to the government entity, agency, committee, or department and/or its agents, representatives, or staff; (b) any correspondence passing between YOU and the government entity, agency, committee or department and/or its agents, representatives, or staff; (c) any internal DOCUMENTS RELATING TO the government entity, agency, committee, or department's investigation and/or activities on UCB's campus.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

The University incorporates the General Objections and Objections to Plaintiff's Definitions and Instructions as if fully set forth herein. Defendant further objects to this Request to the extent the terms "agency," "committee," and "department" are undefined, vague, and ambiguous. Defendant further objects to this Request for "cloned" discovery because it is overbroad, duplicative of other requests for production, burdensome, and not proportional to the

1  needs of this case. *See Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14,
2  2009) (rejecting "a *carte blanche* production of all documents" from another proceeding where
3  any relevant documents would already be produced in response to other requests for production);
4  *Tristan v. Bank of Am., N.A.*, 2024 WL 5412486, at *3–*4 (C.D. Cal. June 10, 2024) (rejecting
5  "cloned discovery" and instead requiring "proper discovery requests, identifying the specific
6  categories of documents sought").  Defendant further objects to this Request to the extent it seeks
7  documents or communications protected by the attorney-client privilege, work product doctrine,
8  and/or the official information privilege.  Defendant further objects to this Request as overbroad to
9  the extent it seeks documents in the possession of persons or entities other than UC Berkeley.
10         Subject to and without waiving the foregoing objections, Defendant responds to this
11 Request as follows:  the materials relevant to the issues in this litigation will be searched for and
12 produced in response to Plaintiffs' requests on substantive topics, and the parties are currently
13 negotiating search parameters to identify those materials.  Defendant therefore need not and will
14 not search for or produce any additional documents in response to this Request for "cloned"
15 discovery.

18 DATED: April 17, 2025                    MUNGER, TOLLES & OLSON LLP

20                                           By:   *s/ Bryan Heckenlively*
21                                                 BRYAN H. HECKENLIVELY
                                                   Attorney for Defendants