MUNGER, TOLLES & OLSON LLP
560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-2907
TELEPHONE (415) 512-4000

August 15, 2025

Writer's Direct Contact
(415) 512-4015
(415) 644-6915 FAX
bryan.heckenlively@mto.com

**VIA ECF**

The Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

>Re: *The Louis D. Brandeis Center, Inc., et al., v. Regents of the University of California, et al.*, No. 3:23-cv-06133-JD

Dear Judge Donato:

In addition to serving over 80 RFPs for specified categories of documents related to the dispute—for which the parties are negotiating in good faith on comprehensive search parameters—Plaintiffs served four RFPs seeking broad discovery of all documents produced by the University of California in prior government investigations. This is improper "cloned discovery," and Plaintiffs' request for an order compelling production should be denied.

### I. PLAINTIFFS' REQUESTS

There are four RFPs at issue, each of which seeks communications with investigating state or federal agencies and all documents produced to such agencies. They concern investigations by:

- The U.S. Department of Justice's Task Force to Combat Antisemitism (RFP No. 48).
- The U.S. Department of Justice's system-wide investigation of the University of California under Title VII (RFP No. 49).
- The U.S. Department of Education, under Title VI of the Civil Rights Act of 1964 (RFP No. 50).
- "[A]ny state or federal government entity, agency, committee, or department regarding anti-Semitism" at UC Berkeley (RFP No. 51).

### II. ARGUMENT

#### A. The law is clear that parties must make specific discovery requests for relevant documents rather than seeking all documents produced to agencies.

Plaintiffs' request for all of the documents produced to and all communications with these state and federal entities should be rejected. "Asking for all documents produced in another matter is not generally proper." *Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *18 (S.D. Cal. Nov.

Hon. J. Donato
August 15, 2025
Page 2

22, 2019). "If relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is to request those documents. The fact that the documents were or were not produced in other litigation is irrelevant." *Id.* Even where "prior litigations or investigations . . . have 'significant factual and legal overlap' with the present case," that "does not mean that the 'similarities are enough to require a *carte blanche* production of all documents' from the prior investigations." *Tristan v. Bank of Am., N.A.*, 2024 WL 5412486, at *4 (C.D. Cal. June 10, 2024) (quoting *Rumble, Inc. v. Google LLC*, 2023 WL 3751797, at *7 (N.D. Cal. May 31, 2023)).

Rather, the parties must continue to make "proper discovery requests, identifying the specific categories of documents sought." *Tristan*, 2024 WL 5412486, at *4 (citation omitted); *see In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017); *Bhatia v. Silvergate Bank*, 2024 WL 3929887, at *4 (S.D. Cal. Aug. 23, 2024); *King Cnty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011).

### B. The four RFPs at issue improperly seek blanket production of all documents produced to investigating agencies.

Plaintiffs here make no attempt in these four RFPs to "make proper discovery requests, identifying the specific categories of documents sought." *King Cnty.*, 2011 WL 3438491, at *3. They seek every document produced to state and federal entities and every communication with those entities—just as the cases cited above make clear is improper. The fact that the investigations here relate generally to antisemitism is not enough: even "'significant factual and legal overlap' with the present case" is insufficient to justify blanket production. *Tristan*, 2024 WL 5412486, at *4 (quoting *Rumble*, 2023 WL 3751797, at *7).

### C. Plaintiffs will receive the relevant documents in response to their dozens of specific discovery requests, so there is no need for RFPs 48-51.

Plaintiffs have already served **84** RFPs related to alleged antisemitism at UC Berkeley, and the parties are negotiating search parameters to identify the responsive documents directly. Courts rightfully reject cloned discovery under such circumstances. "[C]ompelling [UC Berkeley] to do duplicate searches—one for responsive documents in their custody and control and one for all documents in their custody and control that were previously produced in other litigation—is definitionally unduly burdensome, as it would consume resources without providing any additional benefit to the propounding party." *Goro*, 2019 WL 6252499, at *18.

Plaintiffs' argument (Ltr. at 3, para. 3) that documents from prior investigations are relevant because they gave UC Berkeley notice of antisemitism on campus is simply wrong; all of the specific investigations Plaintiffs cite began in 2025, *after* Plaintiffs filed this suit. In any event,

MUNGER, TOLLES & OLSON LLP

Hon. J. Donato
August 15, 2025
Page 3

that argument does not affect the primary point that Plaintiffs will get any substantively relevant documents in response to their 84 substantive discovery requests.[1]

### D. **Plaintiffs' premise that cloned discovery would impose no burden is wrong.**

Plaintiffs are also wrong that producing documents from prior investigations would impose no burden because those documents "were already reviewed and produced." (Ltr. at 2, para. 4.) Defendants would first be required to sift through the prior productions for relevant documents, since the scope of prior investigative productions included documents relevant to multiple campuses. Moreover, the prior investigations "involve different and broader claims," "involve different laws," or involve unspecified claims and laws, adding a further layer of complexity that makes cloned discovery especially inappropriate here. *See Chen v. Ampco Sys. Parking*, 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). RFP No. 51 seeks all documents from any investigation, by any government body, into alleged antisemitism at UC Berkeley; courts reject requests like this, where "[i]t remains unclear what specific investigations Plaintiffs seek discovery from or how they relate to the claims or defenses in this case." *Tristan*, 2024 WL 5412486, at *4. Plaintiffs' letter brief similarly does not explain which relevant laws the investigation at issue in RFP No. 48 applied or what the relevant scope of that investigation was. RFP No. 49 concerns a DOJ investigation brought under Title VII (not Title VI) and concerning UC employees (not students). To the extent the investigation at issue in RFP No. 50 overlaps with the current litigation, that illustrates the duplicative nature of Plaintiffs' discovery requests. *See Goro*, 2019 WL 6252499, at *18 (duplicative requests of this kind are "definitionally unduly burdensome").

Finally, Defendants would be required to re-review and apply new redactions for production to private plaintiffs. For example, the California Information Practices Act of 1977, Cal. Civ. Code § 1798.24, requires defendants to redact documents produced to plaintiffs to remove personally identifiable information. That requirement does not apply for productions to federal agencies. *See id*. § 1798.24(f), (o). Similarly, under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, productions to the Department of Education (RFP No. 50) need not be redacted in the same manner as productions to private plaintiffs. Thus, the burden of reviewing and assessing whether redactions are needed would be substantial.

All of this is duplicative of current discovery efforts, burdensome, and unwarranted. Plaintiffs' request for an order compelling production should be denied.

---

[1] Plaintiffs incorrectly state that *King Cnty.*, 2011 WL 3438491, at *3, "grant[ed] cloned discovery because [the] fact the defendant produced documents to investigators was relevant." Ltr. at 3, para. 3. That case in fact supports Defendants' position. The court squarely rejected a request for cloned discovery. Although the court observed that discovery could have been proper if the plaintiff had limited its requests to focus on knowledge, the plaintiff had not done so and had instead asked for all produced documents—just as Plaintiffs have done here. *See King Cnty.*, 2011 WL 3438491, at *3.

MUNGER, TOLLES & OLSON LLP

Hon. J. Donato
August 15, 2025
Page 4

        Sincerely,

        */s/ Bryan H. Heckenlively*

        Bryan H. Heckenlively

        MUNGER, TOLLES & OLSON LLP
        560 Mission Street, 27th Floor
        San Francisco, California 94105
        Telephone: (415) 512-4000
        Email: bryan.heckenlively@mto.com

        Attorneys for Defendants