UNITED FOR EQUALITY AND AFFIRMATIVE ACTION
LEGAL DEFENSE FUND
755 MCALLISTER STREET
SAN FRANCISCO, CA 94102

WWW.UEAA.NET     PHONE: 313-683-0942     FAX: 313-586-0089

November 13, 2025

**VIA EMAIL AND ECF**

The Honorable District Judge James Donato
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re:   *The Louis D. Brandeis Center, Inc., et al. v. Regents of the University of California, et al.,* **No. 3:23-cv-06133-JD**

Dear Judge Donato:

    The Intervenor-Defendants (the "Intervenors") request the Court for leave to have two of the seven hours to ask questions during each of the depositions of the two plaintiffs who have individualized allegations and remain represented in this case: JAFE Member #1 and JAFE Member #2. This dispute is solely between the Intervenors and the University Defendants. The Plaintiffs have no objection to the Intervenors having 2 hours to ask questions, and have left it to the University Defendants and Intervenors to come to an agreement on how to divide the seven hours. The University Defendants insist upon having 86 percent of the seven hours (six hours), and refuse to allow the Intervenors to have more than one hour during each deposition. Pursuant to Civil Local Rule 37-1 and this Court's "Standing Order for Discovery in Civil Cases Before Judge Donato," the Intervenors and the University Defendants met and conferred telephonically on this dispute on November 6 and did not reach an agreement. Further email correspondence has not resulted in agreement, and Intervenors now file this Discovery Letter Brief.

    <u>The Intervenors respectfully request a decision from the Court by Friday, November 14, as the deposition of JAFE Member #2 is currently scheduled for Monday, November 17</u>. (The deposition of JAFE Member #1 is currently set for Monday, November 24.)

    This Court granted the Intervenors intervention, stating that the Intervenors "plausibly allege interests that might be affected by the litigation, and may have defenses that UC Berkeley may not raise." (Dkt. No. 84, at 2)

    As the Amended Complaint alleges:

    29. JAFE Member #1 is a Jewish Ph.D. candidate in History at UC Berkeley. He is legally blind and has been harassed and obstructed by student protestors as he tries to cross campus. JAFE Member #1 was an attendee at the February 26 event that was violently shut down by protestors, where he needed to call on friends to help him leave after police ordered an evacuation. He has been unable to pass

- 1 -

through Sather Gate at times due to the ongoing blockade by student protestors without risking injury to himself. He was recently harassed and told to go back to Europe by protestors at the Encampment currently blocking access to Sproul Hall when he walked by while wearing a Star of David.

30. JAFE Member #2 is an undergraduate freshman at UC Berkeley who was assaulted during the February 26 riot. Protestors grabbed her by the neck in an attempt to break into the building where the event was to be held. Following the event, she had nightmares and suffered trauma while crossing campus for fear of repeated harassment.

First Amended Complaint (Dkt. No. 62).

(The other individual JAFE Member with an individual allegation, JAFE Member #3, was listed as a witness in the Plaintiffs' Initial Disclosures, but is presently not represented by counsel and the parties have no contact information for him. We are awaiting an updated set of Disclosures from Plaintiffs.)

As the Intervenors' Motion for Intervention (Dkt. No. 75) makes clear, the Intervenors have interests distinct from and at times in conflict with those of the University Defendants, including (1) the right of campus and community members to engage in speech supporting the Palestinian people against Netanyahu's and the Israeli government's genocide, and supporting an independent Palestinian state, and (2) defending the religious freedom of Jews who do not support Israel's policies. The Intervenors have an interest in clarifying the core issues in this case: whether anti-Zionism can be equated to antisemitism. On July 2025, the University of California entered into a binding settlement in *Frankel v. Regents*, resulting in a federal court order stating: "[A]ll references to the exclusion of Jewish students, faculty, and/or staff shall include exclusion of Jewish students, faculty, and/or staff based on religious beliefs concerning the Jewish state of Israel [sic]." ("Consent Judgment and Permanent Injunction," C.D. Cal., July 29, 2025, Case No. 2:24-cv-04702, at 3, ¶3(c). The University had done nothing to challenge the plaintiffs' central claim in *Frankel* that anti-Zionism equals antisemitism, and there was no factual record developed in the *Frankel* case, which the Intervenors seek to change in the present case. On April 30, 2025, the mere attempt to screen a documentary about the Spring 2024 UCLA pro-Palestine encampment, a screening that did not block any pathways on campus, prompted the UCLA administration to forcefully disperse it with police.[1]

In September 2025, the UC-Berkeley administration announced that it had disclosed to the Trump administration the identities and personal information of 160 students and staff whom UC-Berkeley identified as being involved in "alleged antisemitic incidents."[2] The University is under a Department of Justice investigation for allegedly not taking sufficient action against what the

---

[1] "UCLA Is Now Nearly Unrecognizable as a University" (*The Nation* May 15, 2025). Available at: https://www.thenation.com/article/society/fortress-ucla/
"Three pro-Palestine protesters arrested during encampment attack anniversary rally," (*Daily Bruin,* May 1, 2025) Available at: https://dailybruin.com/2025/05/01/two-pro-palestine-protesters-detained-during-encampment-attack-anniversary-rally
[2] "UC Berkeley shares 160 names with Trump administration in 'McCarthy era' move" (*Guardian,* Sep. 12, 2025). Available at: https://www.theguardian.com/us-news/2025/sep/12/uc-berkeley-trump-administration-antisemitism

Trump administration calls "antisemitism," as well as a threat from the Trump administration to pull billions of research dollars if the University does not take more action against "antisemitism."

The position of the University administration, despite its occasional public statements claiming that it supports the free speech of pro-Palestine students and staff, is not to defy the Trump administration's claim that opposition to the policies of the Israeli government is "antisemitic."

Further, the Amended Complaint seeks an injunction mandating the Defendants to "take action to end the hostile environment on campus." First Amended Complaint (Dkt. No. 62), Prayer for Relief at ¶3. It seeks "an injunction… mandating that Defendants take all necessary action to remedy the culture of anti-Semitic bias and the hostile anti-Semitic environment and to stop the harassment of Jewish students at UC Berkeley." *Id*. at ¶6.

In the depositions of JAFE Member #1 and JAFE Member #2, the Intervenors will obviously go into areas that the University Defendants will not, that go at the heart of the central issues of this case, including but not limited to:

1. Does anti-Zionism equal antisemitism?
2. Did these individuals experience antisemitism or conflict related to disagreement over the actions of the Israeli state?
3. What does Judaism mean to them?
4. What constitutes a "hostile environment" for "Jewish students"?

If this Motion is granted, then the University Defendants, with five hours in each deposition, already would have plenty of time to question JAFE Member #1 (who alleges two incidents in the Complaint) and JAFE Member #2 (who alleges one incident in the Complaint). They intend to depose several other members of JAFE who are not named in the complaint who allege that the University inadequately responded to their complaints against "antisemitism." The Defendants will have plenty of opportunity to establish their defenses against the Plaintiffs in these depositions, and do not need 86 percent of the time in the depositions of JAFE Member #1 and JAFE Member #2.

The Intervenors request to have two hours in each of the depositions of JAFE Member #1 and JAFE Member #2.

Respectfully,

*/s/ Shanta Driver*
Shanta Driver

United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
755 McAllister Street
San Francisco, CA 94102
Ph: (313) 683-0942  Fax: (313) 586-0089
shanta.driver@ueaa.net
*Attorneys for Intervenor-Defendants*
*\*Appearance pro hac vice*