# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

**Andrew Lichtman**
Tel: 212 728 3157
ALichtman@willkie.com

February 16, 2026

**VIA ECF**

The Honorable District Judge James Donato
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

**Re:** *The Louis D. Brandeis Center, Inc., et al. v. Regents of the University of California, et al.*, No. 3:23-cv-06133-JD

Dear Judge Donato:

Plaintiffs The Louis D. Brandeis Center, Inc. and Jewish Americans for Fairness in Education ("Plaintiffs") write briefly in response to Student Intervenors' ("Intervenors") February 13, 2026 letter requesting that this Court compel depositions of the third-party witnesses referred to as JAFE Member #1 and JAFE Member #2. *See* Dkt. 132. Defendants The Regents of the University of California, James B. Milliken, Richard K. Lyons, and Ben Hermalin ("Defendants") consent to this filing.

Plaintiffs and Defendants have reached a settlement in principle, subject to approval by the University of California Board of Regents, that would resolve this matter in its entirety, rendering further fact depositions unnecessary and wasteful. Plaintiffs and Defendants notified the Court of this settlement in principle on January 29, 2026. *See* Dkt. 130. Since then, Plaintiffs and Defendants have arrived at a near final settlement agreement and, subject to the University of California Board of Regents' approval, anticipate notifying the Court of a final settlement agreement in the very near future. Per the Court's order, Dkt. 131, the parties will then file notice of settlement and voluntarily dismiss this case with prejudice under Federal Rule of Civil Procedure 41(a).

Intervenors nonetheless claim that they "will oppose any 'settlement in principle' that violates the First Amendment and their rights." Dkt. 132 at 3. Intervenors, however, have no right to interfere with Plaintiffs and Defendants' decision to resolve their claims. *See In re New York City Policing During Summer 2020 Demonstrations*, No. 20-CV-8924 (CM)(GWG), 2024 WL 476367, at *2 (S.D.N.Y. Feb. 7, 2024), *aff'd sub nom. New York v. De Blasio*, No. 24-1434, 2025 WL 857338 (2d Cir. Mar. 19, 2025) (finding that the intervenors did not have a right to veto the terms of a settlement agreement because

Hon. J. Donato
February 16, 2026
Page 2

"[t]he usual rule, of course, is that strangers to a settlement, including intervenors, have no standing to object to a private settlement that does not require court approval."). The interests in this case, including judicial and party resources, would be best served by a settlement that would resolve all of Plaintiffs' claims. *See Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976) ("It hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation."). Further, Plaintiffs and Defendants plan to share their settlement agreement with Intervenors before voluntarily dismissing this action. If Intervenors consent to dismissal, the parties will file a dismissal under Rule 41(a)(1)(A) without needing a court order. If Intervenors do not consent to dismissal, Plaintiffs and Defendants will seek dismissal under Rule 41(a)(2) (providing that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"). Under no circumstance, however, do Intervenors have a right to object to the settlement.

Finally, setting aside that Intervenors' current standing in this case remains dubious, their requests are also procedurally improper.[1] Intervenors have limited rights to participate in discovery in this case. For example, the Court informed Intervenors that they "may not propound any discovery requests without the Court's prior approval." Dkt. 84 at 3. Previously, this Court permitted Intervenors a limited 1.5 hours of questioning for Defendants' then-scheduled depositions, Dkt. 129, only because Intervenors alleged concerns for the manner in which Defendants would conduct these depositions, including their line of questioning. *See* Dkt. 128 (requesting two hours of questioning). The deposition of JAFE Member #1, who currently resides in France and has not been subpoenaed by Intervenors, has not been scheduled, and Plaintiffs and Defendants do not plan to schedule that deposition, rendering Intervenors' stated concerns moot. Moreover, Intervenors received approximately 50 minutes of questioning at JAFE Member #2's deposition during which they asked the witness a number of harassing and irrelevant questions before the deposition was adjourned. Contrary to Intervenors' agreement with Plaintiffs, Intervenors have now improperly disclosed the contents of that confidential deposition on the public docket. In the unlikely event that the settlement is not consummated and the deposition is resumed, Intervenors' counsel can resume its questioning, but they have no basis to compel the immediate resumption of the deposition.

In light of the status of settlement and Intervenors' limited role in discovery, the Court should deny Intervenors' request for leave to set depositions for JAFE Member #1 and JAFE Member #2.

---

[1] Most of the Intervenors have graduated and been dismissed from the case. "Intervenors" now refers to a single UC Berkeley student, who is expected to graduate in Spring 2026, before the current trial date.

Hon. J. Donato
February 16, 2026
Page 3

                    Respectfully,

                    */s/ Andrew J. Lichtman*
                    Andrew J. Lichtman

WILLKIE FARR & GALLAGHER LLP
Alex M. Weingarten (SBN 204410)
AWeingarten@willkie.com
Lee Wolosky (NY Bar No. 2752335),
*admitted pro hac vice*
LWolosky@willkie.com
Andrew J. Lichtman (NY Bar No. 4934949),
*admitted pro hac vice*
ALichtman@willkie.com
2029 Century Park East, Suite 2900
Los Angeles, CA 90067
(310) 855-3000; Facsimile: (310) 855-3099

TORRIDON LAW PLLC
John V. Coghlan (DC Bar No. 1020405)
jcoghlan@torridonlaw.com
Tara Helfman (DC Bar No. 90009379)
thelfman@torridonlaw.com
1155 F Street, NW, Suite 750
Washington, DC 20004
(202) 249-6900; Facsimile: (202) 249-6899

THE LOUIS D. BRANDEIS CENTER FOR
HUMAN RIGHTS UNDER LAW, INC.
Kenneth L. Marcus (DC Bar No. 437391)
klmarcus@brandeiscenter.com
L. Rachel Lerman (State Bar No. 193080)
rlerman@brandeiscenter.com
1717 Pennsylvania Ave., NW, Suite 1025
Washington, DC 20006
(202) 559-9296

*Attorneys for Plaintiffs The Louis D. Brandeis Center, Inc. and*
*Jewish Americans for Fairness in Education (JAFE)*