UNITED FOR EQUALITY AND AFFIRMATIVE ACTION
LEGAL DEFENSE FUND
755 MCALLISTER STREET
SAN FRANCISCO, CA 94102

WWW.UEAA.NET    PHONE: 313-683-0942    FAX: 313-586-0089

February 17, 2026

**VIA EMAIL AND ECF**

The Honorable District Judge James Donato
United States District Court, Northern District of California
450 Golden Gate Avenue
Courtroom 11, 19th Floor
San Francisco, California 94102

Re: *The Louis D. Brandeis Center, Inc., et al. v. Regents of the University of California, et al.,* **No. 3:23-cv-06133-JD**

Dear Judge Donato:

    This letter serves as a reply to Plaintiffs' response (Dkt. No. 133) to Intervenors' request for leave to set depositions of JAFE Members #1 and #2.

    The Plaintiffs' response letter contains three deceptions.

    First, Plaintiffs write, "In the unlikely event that the settlement is not consummated and the deposition is resumed, Intervenors' counsel can resume its questioning…" This is false. Their letter states that the settlement "is subject to the University of California Board of Regents' approval." The earliest that the UC Regents will decide whether to approve the settlement is March 17, 2026 because their next noticed meeting is March 17-19, 2026. (Their schedule is public at https://regents.universityofcalifornia.edu/meetings/ .) This Court has reaffirmed that Fact Discovery has a firm cut-off of March 20, 2026. (Dkt. Nos. 127 and 131) Waiting until the Regents decide would give no time for the Intervenors to repeat its request for leave to set depositions and hold depositions. The Plaintiffs are deliberately withholding these facts from the Court.

    Second, Plaintiffs write, "Contrary to Intervenors' agreement with Plaintiffs, Intervenors have now improperly disclosed [sic] the contents of that confidential deposition on the public docket." The deposition transcript does not indicate any part of it is confidential. The Court's Protective Order (Dkt. No. 110, approved by the Court at Dkt. No. 112), states that designating deposition testimony as confidential requires "that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony." No party designated any part of the deposition of JAFE Member #2 as confidential. On November 14, 2025, Intervenors added their signature to a "Stipulation and Proposed Order" drafted by Plaintiffs, agreeing to "not disclose any identifying information of Plaintiffs' witnesses." Intervenors never disclosed any identifying information of JAFE Member #2 or any other witness in our Discovery Letter Brief, and the Plaintiffs never filed this Stipulation.

- 1 -

Third, the Plaintiffs letter—filed with the "consent" of the University Defendants—claim that Intervenors' questions were "harassing and irrelevant [sic]" when they were neither. The question that Plaintiffs' counsel objected to most strenuously during the deposition of JAFE Member #2 was the following. After the deponent had claimed it was "antisemitic" to compare the Holocaust to the genocide in Gaza, Intervenors' presented a news article quoting the Israeli Defense Force stating that 83 percent of Gaza casualties are civilians and quoting Israeli officials saying "Gaza will be destroyed" and "50 Palestinians must die" for every Israeli killed on October 7 and that "it doesn't matter now if they are children" (available at https://www.972mag.com/israeli-intelligence-database-83-percent-civilians-militants/ ). Intervenors counsel asked at page 258, "Does that -- apart from the numbers of people, does that sentiment and that policy conform with what you think constitutes genocide?" Intervenors are presently prevented from attaching further documents pursuant to this Court's Standing Order for Discovery in Civil Cases, but if the Court requests Intervenors will file a redacted excerpt from the transcript (and other excerpts corroborating Intervenors' assertions).

What Plaintiffs call "harassment" was asking Plaintiffs to clarify their position on a question that was central to the First Circuit's decision supporting the dismissal of a similar lawsuit against MIT:

> [P]laintiffs claim that accusing Israel of committing genocide against Palestinians is antisemitic. But even prominent Israelis[1] have lodged the same accusation. See, e.g., Omer Bartov, Opinion, I'm a Genocide Scholar. I Know It When I See It., N.Y. Times (July 15, 2025), https://www.nytimes.com/2025/07/15/opinion/israel-gaza-holocaust-genocide-palestinians.html [https://perma.cc/P9GM-3RRX]... [P]laintiffs must again rely on a theory that they can dictate the interpretation of the protestors' speech in order to suppress it, without any facts suggesting that the protestors were using these slogans in the way plaintiffs claim.
>
> *Stand With US Ctr. for Legal Just. v. Massachusetts Inst. of Tech.*, 158 F.4th 1, 18-19 (1st Cir. 2025).

Intervenors' questions were neither "harassing" nor "irrelevant." It is significant that the University Defendants consented to this false characterization of Intervenors' questions. The Court should grant Intervenors' request.

Respectfully,

/s/ Shanta Driver
Shanta Driver
United for Equality and Affirmative Action Legal Defense Fund (UEAALDF)
755 McAllister Street / San Francisco, CA 94102
Ph: (313) 683-0942  Fax: (313) 586-0089  shanta.driver@ueaa.net
*Attorneys for Intervenor-Defendants*
*\*Appearance pro hac vice*

---

[1] Professor Bartov is preparing an expert report for the Intervenors.